Harvey S. KORNIT, Appellant,

v.

BOARD OF EDUCATION, PLAINVIEW-OLD BETHPAGE SCHOOL DISTRICT, PLAINVIEW, NEW YORK, Appellee.

No. 519, Docket 75–7540.

United States Court of Appeals, Second Circuit.

Argued June 18, 1976.

Decided Sept. 15, 1976.

---

**594**

Harvey S. Kornit, pro se.

Joseph Campanella, Plainview, N.Y., for appellee.

Before MANSFIELD, OAKES and GURFEIN, Circuit Judges.

PER CURIAM:

Appellant, a teacher in the Plainview-Old Bethpage School system, filed this suit in the United States District Court for Eastern District of New York to recover $379.84 deducted from his wages for his participation in an illegal strike against the school system in September, 1972. This sum was deducted by the school board pursuant to its authority to impose penalties against illegal strikers under New York's Taylor Law. N.Y. Civil Service Law §§ 210(2)(d), (g) (McKinney 1973).[1] Appellant contends that action of the school board violated due process because its members, representing the fiscal interests of the local government, were not impartial decisionmakers. *See, e. g., Ward v. Village of Monroeville*, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972); *Tumey v. Ohio*, 273 U.S. 510, 523, 47 S.Ct. 437, 71 L.Ed. 749 (1927). Appellant also argues that the summary deduction of the penalty from his wages constituted a garnishment which he claims cannot be constitutionally imposed without a plenary court proceeding. *See, e. g., Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

The suit against the Plainview-Old Bethpage Board of Education is brought under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction alleged under 28 U.S.C. § 1343(3). The district court, the late Orrin G. Judd, Judge, granted appellee's motion to dismiss the complaint, ruling against appellant on both his substantive claims. Since we find that the district court was

---

1. Strikes by public employees are expressly unlawful under N.Y. Civil Service Law § 210(1) (McKinney 1973). Illegal strikers are subject to penalties, including loss of tenure, *id.* § 201(2)(f), as well as payroll deductions, *id.* § 210(2)(g). The determination of an illegal strike is to be made in the first instance by the local school board. *Id.* § 210(2)(d). After this determination, the affected teacher has 20 days to file a notice of objections with the board.

*Id.* § 210(2)(h). If the notice of objections raises a material issue of fact, the board is to set the matter for a hearing before a hearing officer empowered to reverse the board's findings. *Id.* In the present case, appellant's notice of objections raised no claim of fact which "would establish that the employee did not violate [the no-strike law]." *Id.* Therefore, a hearing was not accorded appellant.

without jurisdiction of the subject matter in this case, we vacate the judgment below and remand with instructions to dismiss therefor.

The first requisite for federal subject matter jurisdiction under 28 U.S.C. § 1343(3) and its substantive counterpart, 42 U.S.C. § 1983, is that the entity accused of depriving plaintiff of his civil rights be a "person." While the definition of this term has caused substantial controversy since its limitation in *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), this court has recently and explicitly decided that a board of education is not a "person" for purposes of § 1983. *Monell v. Department of Social Services*, 532 F.2d 259, 263–64 (2d Cir. 1976), *petition for cert. filed*, 45 U.S. L.W. 3005 (U.S. July 2, 1976) (No. 75–1914). Under *Monell, supra,*—whether or not each of us agrees with the exposition of legislative history by Mr. Justice Douglas for the Court in *Monroe v. Pape, supra*, 365 U.S. at 187–92, 81 S.Ct. 473,[2] on which the *Monell* panel relied—this court has no subject matter jurisdiction to award relief against the Plainview-Old Bethpage Board of Education.[3]

Judgment vacated, with instructions to dismiss for lack of subject matter jurisdiction.

---

**2.** *See Brault v. Town of Milton*, 527 F.2d 730, 744 n. 6 (2d Cir. 1975) (dissenting opinion).

**3.** As a pro se pleading, the complaint is to be read liberally. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam). We would find subject matter jurisdiction under another statute, therefore, if a factu-

al predicate for such action could be gleaned from the record. *See Lewis v. D.C. Dep't of Corrections*, 174 U.S.App.D.C. 483, 533 F.2d 710, 711 (1976) (per curiam); *Williams v. Vincent*, 508 F.2d 541, 543 (2d Cir. 1974). No alternate jurisdictional basis, however, appear to exist in this case.