■ In the Matter of Brookhaven-Comsewogue School District, Respondent, v Port Jefferson Station Teachers Association, Appellant.—In a proceeding to stay arbitration, the appeal is from an order of the Supreme Court, Suffolk County, entered October 1, 1975, which granted the application. Order affirmed, with $50 costs and disbursements, on the opinion of Mr. Justice Lipetz at Special Term. We add that the decision in *Matter of Board of Educ. v Harrison Assn. of Teachers* (46 AD2d 674), to the extent that it indicated the propriety of bargaining as to notice of termination and tenure beyond that set forth by statutes, does not apply. Such holding in *Harrison* was specifically based on *Board of Educ. v Associated Teachers of Huntington* (30 NY2d 122, 129), and barred collective bargaining only as "to a term or condition of employment explicitly and definitively prohibited by statute". However, restrictions against bargaining have since been explained to also include "plain and clear * * * prohibitions in the statute or decisional law" *(Syracuse Teachers Assn. v Board of Educ.,* 35 NY2d 743, 744) and even public policy *independent* of statutory or decisional law *(Matter of Susquehanna Val. Cent. School Dist. at Conklin [Susquehanna Val. Teachers' Assn.],* 37 NY2d 614, 616–617). Since *Legislative Conference of City Univ. of N. Y. v Board of Higher Educ. of City of N. Y.* (38 AD2d 478, 480, affd 31 NY2d 926) makes it "plain and clear" (and indeed it is also a matter of public policy) that "tenure should not be conferred by a 'back-door maneuver' * * * because of the intrinsic value the courts attach to tenure", and that "statutory tenure terms can be changed by the Legislature but never by a board of education", tenure may not be bestowed merely because a school official may have been a day late in giving the notice of termination required by the bargaining agreement. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.