**Raymond M. KELLY, Plaintiff,**

v.

**BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. 1 OF the TOWNS OF NIAGARA, WHEATFIELD, LEWISTON AND CAMBRIA, NIAGARA COUNTY and Ewald B. Nyquist, Commissioner of Education of the State of New York, Defendants.**

Civ. No. 74–491.

United States District Court,
W. D. New York.

Aug. 19, 1977.

Richard A. Grimm, Jr., Grimm & Grimm, Buffalo, N.Y., for plaintiff.

Richard C. Doherty, Runals, Broderick, Shoemaker, Rickert, Berrigan & Doherty, Niagara Falls, N.Y., for defendant Board of Ed.

Robert D. Stone, Albany, N.Y., Counsel & Deputy Comr. for Legal Affairs, State Ed. Dept., for defendant Nyquist; Judith M. Hecker, Albany, N.Y., of counsel.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

In this action the following proposed agreed statement of facts [1] was filed:

"Plaintiff, RAYMOND M. KELLY, is a former tenured teacher of Defendant BOARD OF EDUCATION [Board of Education of Central School District No. 1 of the Towns of Niagara, Wheatfield, Lewiston and Cambria, Niagara County] employed by said Board for over ten years. On February 5, 1973, the Defendant filed charges against the Plaintiff containing thirteen specifications.

"Thereafter, hearings were held therein before a hearing panel and hearing officer appointed pursuant to statute, said hearings having been held on five separate days between May 3 and June 6, 1973.

"The hearing panel's unanimous findings and recommendations found a basis in the evidence to support Charges 1, 2, 3, 7, 9 and 12, with mitigating factors; and dismissed, for lack of evidence, Charges 4, 5, 6, 8, 10, 11, and 13. In summary, the Panel decreed penalties of reprimand and a fine of $2,500.00, but also determined that Plaintiff should receive full pay and benefits for the 1972–1973 school year.

"Thereafter, and on July 17, 1973, the Defendant BOARD OF EDUCATION concluded that Plaintiff was guilty as charged and ordered his dismissal. The transcripts and exhibits were in the possession of each of the members of the Board of Education, except one, for three days prior to the determination of the charges by the Board.

"A subsequent appeal to the Defendant COMMISSIONER OF EDUCATION [Ewald B. Nyquist] resulted in an affirm-

---

1. The record made during hearings held in 1973 is to be controlling and is to override any stipulated statement inconsistent therewith.

ance of the Board's order on November 27, 1973. Finally on March 7, 1974, Plaintiff applied to the Commissioner to reopen said decision which was denied on October 10, 1974. On the appeal before the Commissioner Plaintiff argued that the Board of Education failed to set forth the specific charges they found Plaintiff guilty of, making no findings of fact; that the Board disregarded the hearing panel's findings and recommendations and imposed an unduly severe punishment without sufficient evidence in the record to justify this action; that based on merit and fitness, Plaintiff's dismissal was grossly discriminatory and the Board acted in an unfair, arbitrary and capricious manner; that such action renders the hearing provided for by section 3020-a of the [New York] Education Law a meaningless ritual.

"In his application for a reopening of the Commissioner's decision dismissing this appeal, Plaintiff based his application on the U. S. District Court's decision in Matter of Kinsella (378 F.Supp. 54) [Kinsella v. Board of Ed. of Cent. Sch. Dist. No. 7, Erie Cty., (1974) ("Kinsella I")] in which the three judge panel for the Western District of New York found section 3020-a of the Education Law constitutionally defective in part."

Plaintiff brings this action under 42 U.S.C. § 1983 with jurisdiction alleged under 28 U.S.C. § 1343(3). Plaintiff also seeks the convening of a three judge court pursuant to 28 U.S.C. § 2281 and § 2284 to declare § 3020-a of the Education Law unconstitutional.

Presently before this court are a motion by plaintiff and cross-motions by defendants for summary judgment pursuant to Fed.R.Civ.P. rule 56 based upon the pleadings and the agreed statement of facts. Because I find that this court is without jurisdiction of the subject matter of this case as to plaintiff's claims against the Board of Education, I deny the motions by plaintiff and defendant Board of Education for summary judgment and dismiss the complaint as to the Board of Education.

■ The first requisite for federal subject matter jurisdiction under 28 U.S.C. § 1343(3) and its substantive counterpart, 42 U.S.C. § 1983, is that the entity accused of depriving plaintiff of his civil rights be a "person". While the definition of this term has caused substantial controversy since its limitation in Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), it has recently and explicitly been decided in this circuit that a board of education is not a "person" for purposes of this statute. Monell v. Department of Soc. Serv. of City of New York, 532 F.2d 259, 263–64 (2d Cir. 1976), cert. granted, 429 U.S. 1071, 97 S.Ct. 807, 50 L.Ed.2d 789 (1977), and Kornit v. Bd. of Ed., Plainview-Old Bethpage, etc., 542 F.2d 593 (2d Cir. 1976). This court has no subject matter jurisdiction to award relief against the Board of Education pursuant to 28 U.S.C. § 1983.

■ The inclusion by plaintiff of 28 U.S.C. §§ 2281 and 2284 in its allegation of jurisdiction does not furnish a basis for subject matter jurisdiction. Section 3020-a of the Education Law was declared unconstitutional and its enforcement enjoined under the decision of Kinsella I until appropriate administrative or legislative action was taken. On February 28, 1974, the New York State Board of Regents approved amended regulations that conformed section 3020-a to the three-judge court's decision. Kinsella v. Board of Ed. of Cent. Sch. Dist. No. 7, etc., 402 F.Supp. 1155 (W.D. N.Y. 1975) ("Kinsella II"). There presently is no substantial constitutional question which would support the further enjoining of section 3020-a. The request for the convening of a three-judge court is denied.

Although there is not a sufficient allegation of subject matter jurisdiction in the complaint, I am reluctant to dismiss the complaint at this time without leave to amend. At the time plaintiff's complaint was filed it was unsettled as to whether a board of education was a "person" under 28 U.S.C. § 1983. See, e. g., Lombard v. Board of Ed. of City of New York, 407 F.Supp. 1166 (E.D.N.Y. 1976). If the amount in question exceeds $10,000, federal question jurisdiction may exist pursuant to 28 U.S.C.

§ 1331 as to the action against a board of education asserting that the discharge violated his constitutional rights and seeking reinstatement. In the interest of justice, leave to amend the complaint to correct jurisdictional deficiencies prior to any final dismissal of the action against the Board of Education is granted.

Inasmuch as it is impossible to proceed on this action until my determination of the legal sufficiency of the complaint as to the Board of Education has become final, I decline to decide at this time plaintiff's motion and defendant Nyquist's cross-motion for summary judgment, except as to Nyquist's contentions as to the applicable statute of limitations and the retroactivity *vel non* of *Kinsella I*. A determination as to whether the due process defects considered in *Kinsella I* are present in this case will await finality re plaintiff's complaint.

■ There is no merit to the contention that the applicable statute of limitations is that set forth in New York's CPLR § 217 which requires a proceeding to be commenced against a body or officer within four months after the determination to be reviewed becomes final. It is settled that in a suit based on the Civil Rights Act, 42 U.S.C. § 1983, and seeking declaratory and injunctive relief, the applicable limitation in a case arising in New York is the three year limitation now provided in CPLR § 214, subdivision 2, for suits "to recover upon a liability * * * created or imposed by statute". *Swan v. Board of Higher Education of City of New York*, 319 F.2d 56 (2d Cir. 1963); *Romer v. Leary*, 425 F.2d 186 (2d Cir. 1970).

■ Nyquist's contention that *Kinsella I* should not be applied retroactively is unpersuasive. The need for only prospective application of *Kinsella I* has not been shown. Testing defendants' conduct relative to plaintiff against the standards reasonably applicable at the time, *Kinsella I* did not set new standards for the discharge of tenured teachers. The general standards of due process required when a property interest is involved were stated in *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Two other decisions rendered prior to plaintiff's discharge, *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972), and *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), establish that a tenured teacher has property interest in continued employment in absence of "sufficient cause" for dismissal. In light of those existing decisions, *Kinsella I* can only be considered as an evaluation of section 3020–a against those standards and not a decision originating standards of constitutional due process. Further, another ground supporting the application of *Kinsella I* to this case is that on plaintiff's motion for reargument before Nyquist (filed after *Kinsella I*), plaintiff primarily based his motion on that decision and plaintiff's motion was denied by Nyquist after he found that the Board of Education's actions met the standards of *Kinsella I*. In such circumstances it would not be onerous to apply *Kinsella I* to the present case.

It is therefore hereby

ORDERED that plaintiff's complaint as to the Board of Education is dismissed for lack of subject matter jurisdiction unless plaintiff amends his complaint within 30 days of the filing of this order to allege proper subject matter jurisdiction; and it is further

ORDERED that defendant Nyquist's motion for summary judgment upon the ground that plaintiff's claim is barred by the appropriate statute of limitations or that *Kinsella I* is not to be applied retroactively is denied.

I withhold decision upon plaintiff's motion for summary judgment against Nyquist and Nyquist's cross-motion for summary dismissal pending the filing of an amended complaint or the final dismissal of the complaint as to the Board of Education.