Gladys GENTILE, Plaintiff-Appellant,

v.

John WALLEN, Individually and as District Principal of the Comsewogue School District, James Hines, Individually and as Superintendent of Schools of Supervisory District # 2, Town of Brookhaven, Board of Education, Comsewogue School District, Frank D'Addario, Individually and as a member of the Board of Education, Jerome Flescher, Individually and as a member of the Board of Education, Arthur S. Howard, Individually and as a member of the Board of Education, Peter Sapienza, Individually and as a member of the Board of Education, Lewis Weinerman, Individually and as a member of the Board of Education, Paul S. Allen, Individually and as a member of the Board of Education, Rosella Dreyer, Individually and as a member of the Board of Education, Waldemar Sills, Individually and as a member of the Board of Education, Stuart Porter, Jr., Individually and as a member of the Board of Education, Joseph Busa, Individually and as a member of the Board of Education, Lawrence Pannullo, Individually and as a member of the Board of Education, Richard Ahkao, Individually and as a member of the Board of Education, Charles Stropoli, Individually and as a member of the Board of Education, William P. Martin, Individually and as a member of the Board of Education, Defendants-Appellees.

No. 1355, Docket 77-7093.

United States Court of Appeals,
Second Circuit.

Argued June 13, 1977.

Decided Sept. 15, 1977.

David N. Stein, New York City (James R. Sandner, New York City, of counsel), for plaintiff-appellant.

Frederic Block, Smithtown, N.Y. (Hull, Block & Grundfast, Smithtown, N.Y., of counsel), for defendants-appellees.

Before SMITH and OAKES, Circuit Judges, and CARTER, District Judge.*

OAKES, Circuit Judge:

Appellant, an elementary school teacher, was denied tenure and discharged by the appellee Board of Education, Comsewogue School District, which followed the recommendations of appellee Hines, the superintendent of schools, and appellee Wallen, the district principal. Her suit, against the Board of Education in its corporate capacity, Hines and Wallen as administrators and individually, and the members of the Board of Education officially and individually, sought reinstatement as a tenured teacher, back pay, and compensatory and punitive damages for violation of her constitutional rights and for libel, slander and mental distress. Summary judgment was granted for appellees on appellant's federal claims, with appellant's remaining claims then dismissed on jurisdictional grounds, by the United States District Court for the Eastern District of New York, George C. Pratt, *Judge.* We affirm.

In March, 1975, district principal Wallen privately confronted appellant with teacher evaluation forms signed by her and by her building principal, Robert J. Johnson, covering or signed on days when either she or he was absent or school was not in session. At that time Wallen told her that her prospective tenure appointment was in jeopardy and formal notification that she would not be retained because of her part in executing the false forms followed on April 10. Four days later appellant filed an ultimately unsuccessful grievance, claiming that she was entitled to "tenure by default" under the collective bargaining agreement covering the school. On the same day, April 14, 1975, Wallen preferred charges against Johnson, the principal, for falsifying evaluation reports, including appellant's. Johnson demanded a public tenure hearing as permitted by state law. The Johnson hearings in June, 1975, for the first time resulted in the publication of the charge that evaluation reports of appellant were false.[1]

Meanwhile, on May 15 appellant appeared privately before district superintendent Hines, presenting evidence and statements in her behalf. On June 2, 1975,

---

* Of the Southern District of New York, sitting by designation.

1. The three-member tenure panel recommended Johnson's dismissal as building principal but retention as a teacher. The decision, in the autumn of 1975, specifically relied on Johnson's falsifying of five evaluation reports on appellant. It was reported in the *Port Jefferson Record* and *Newsday.*

Hines wrote her, pursuant to N.Y. Educ.Law § 3013(2) (McKinney Cum.Supp. 1976–77), stating that he was not recommending her for tenure. On June 4, appellant made written demand for a statement of reasons, pursuant to § 3031 of the same law. Hines replied by letter of June 11, and appellant responded on June 26, 1975, explaining and defending her position. Following an executive session of the Board of Education on July 21, 1975, the Board voted to accept Hines' recommendation. Appellant subsequently instituted this action.

Appellees preliminarily urge lack of subject matter jurisdiction as to appellees in their official capacities[2] on the strength of *Monell v. Department of Social Services,* 532 F.2d 259 (2d Cir. 1976), *cert. granted,* 429 U.S. 1071, 97 S.Ct. 807, 50 L.Ed.2d 789 (1977), which held that a school board and its members in their official capacities (hereinafter referred to jointly as the school board) are not "persons" for purposes of damages actions under 42 U.S.C. § 1983 and hence cannot be sued in federal court under the jurisdictional counterpart of Section 1983, 28 U.S.C. § 1343(3). Appellees are correct that after *Monell* and *Kornit v. Board of Education,* 542 F.2d 593 (2d Cir.

1976) (per curiam), it is settled in this circuit that there is no cause of action for damages under Section 1983 against a school board in its official capacity. Since appellant's Section 1983 damages claim against the school board is therefore wholly insubstantial, we have no jurisdiction over that claim under 28 U.S.C. § 1343(3). *See Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946); *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551, 554 n. 3 (2d Cir. 1977).[3]

But here, as in *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 275–282, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), a claim was also asserted under the Fourteenth Amendment, with jurisdiction premised on the general federal question statute, 28 U.S.C. § 1331, and with the amount in controversy alleged in the complaint to be in excess of $10,000. Since the question whether a civil rights action may be brought directly under the Fourteenth Amendment when it cannot be brought under 42 U.S.C. § 1983 is an unsettled one, *see* at 275–277, 97 S.Ct. 568; *Fine v. City of New York,* 529 F.2d 70, 76 (2d Cir. 1975), appellant's assertion of Section 1331 juris-

---

2. Appellees also urge that we dismiss the complaints against appellees in their individual capacities on the basis of *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), which gave school officials a qualified immunity from civil damage liability if good faith disciplinary measures did not violate clearly established constitutional rights. *See Hostrop v. Board of Junior College District No. 515,* 523 F.2d 569, 577–78 (7th Cir. 1975) (defense available in teacher discharge context), *cert. denied,* 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976). We decline to do so, however, because here there is no factual record on which we can judge each defendant's good faith and the scope of his authority. *See Economou v. United States Dep't of Agriculture,* 535 F.2d 688, 696–97 (2d Cir. 1976), *cert. granted,* 429 U.S. 1089, 97 S.Ct. 1097, 51 L.Ed.2d 534 (1977).

3. The holding in text that we lack jurisdiction over appellant's claim under 42 U.S.C. § 1983 relates only to her claim for damages thereunder, not to her claim for declaratory and injunctive relief. *Monell* involved only a damages claim; the declaratory and injunctive relief there sought were mooted out during the appeal. *See* 532 F.2d at 261. *Kornit* similarly involved only a damages claim. *See* 542 F.2d

at 594. As to equitable relief, as *Monell* noted, "there is no doubt" that appellant may maintain an action under Section 1983 against the school officials in their official capacities. 532 F.2d at 264. It also appears that appellant may maintain a suit for equitable relief against the school board itself, although this question is somewhat more unsettled. *Compare, e. g., Garren v. City of Winston-Salem,* 439 F.2d 140, 141 (4th Cir. 1971); *Harkless v. Sweeny Independent School Dist.,* 427 F.2d 319, 321–23 (5th Cir. 1970), *cert. denied,* 400 U.S. 991, 91 S.Ct. 451, 27 L.Ed.2d 439; *Dailey v. City of Lawton,* 425 F.2d 1037 (10th Cir. 1970); *Adams v. City of Park Ridge,* 293 F.2d 585, 587 (7th Cir. 1961); *Service Employees Int'l Union v. County of Butler,* 306 F.Supp. 1080 (W.D.Pa.1969); *Atkins v. City of Charlotte,* 296 F.Supp. 1068 (W.D.N.C.1969); Comment, *Injunctive Relief Against Municipalities Under Section 1983,* 119 U.Pa.L.Rev. 389 (1970), *with, e. g., Cason v. City of Jacksonville,* 497 F.2d 949, 951 (5th Cir. 1974); *King v. Caesar Rodney School Dist.,* 380 F.Supp. 1112, 1114 n. 1 (D.Del.1974); *Hernandez v. Noel,* 323 F.Supp. 779, 782 (D.Conn. 1970).

diction over her Fourteenth Amendment claim cannot be considered to be frivolous or made solely for the purpose of obtaining jurisdiction, see *Bell v. Hood, supra*, 327 U.S. at 682–83, 66 S.Ct. 773. We accordingly have jurisdiction to consider appellant's Fourteenth Amendment claim. *See Matherson v. Long Island State Park Commission*, 442 F.2d 566, 568 (2d Cir. 1971).

▮ Having found that we have jurisdiction over the school board in its official capacity, we must next resolve the unsettled question whether appellant's Fourteenth Amendment claim against the school board states a valid cause of action. Unfortunately, *Mt. Healthy City School District Board of Education v. Doyle, supra*, is of no help on this crucial question. There, after finding jurisdiction, the Supreme Court went directly to the merits of the asserted denial of due process without determining whether the school board could be sued under Section 1983 or directly under the Fourteenth Amendment or both. 429 U.S. at 275–282, 97 S.Ct. 568. The Court apparently did not wish to resolve these questions on the record before it, but presumably a cause of action was stated on one of the two asserted bases, since otherwise the Court would have had no merits to consider. If the same two questions were unsettled in this circuit, we could follow the Court's footsteps, but, as stated *supra*, we are foreclosed from considering a Section 1983 claim against a school board until the Court speaks further on the subject, as it presumably will in *Monell*. We must therefore decide whether a claimed denial of due process by a school board states a cause of action directly under the Fourteenth Amendment.

We hold that it does. While the circuit has until now been able to avoid the question, see *Fine v. City of New York, supra*, 529 F.2d at 76; *Brault v. Town of Milton*, 527 F.2d 730, 738 (2d Cir. 1975) (en banc), at least five other circuits have recognized causes of action directly under the Fourteenth Amendment since *Bivens v. Six Un-known Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), recognized a direct constitutional cause of action under the Fourth Amendment, and *City of Kenosha v. Bruno*, 412 U.S. 507, 514, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), implied that similar causes of action would be recognized under the Fourteenth Amendment (by remanding for consideration of whether the jurisdictional amount had been met). *Cox v. Stanton*, 529 F.2d 47, 50–51 (4th Cir. 1975); *Fitzgerald v. Porter Memorial Hospital*, 523 F.2d 716, 718–19 n.7 (7th Cir. 1975) (Stevens, J.), *cert. denied*, 425 U.S. 916, 96 S.Ct. 1518, 47 L.Ed.2d 768 (1976); *Gray v. Union County Intermediate Education District*, 520 F.2d 803, 805 (9th Cir. 1975); *Hanna v. Drobnick*, 514 F.2d 393, 398 (6th Cir. 1975); *Roane v. Callisburg Independent School District*, 511 F.2d 633, 635 & n.1 (5th Cir. 1975). *See also Popkin v. New York State Health & Mental Hygiene Facilities Improvement Corp.*, 547 F.2d 18, 20 n.5 (2d Cir. 1976); *Hupart v. Board of Higher Education*, 420 F.Supp. 1087, 1103 (S.D.N.Y.1976) (Frankel, J.); *Sixth Camden Corp. v. Township of Evesham*, 420 F.Supp. 709, 715–17 (D.N.J.1976); *Panzarella v. Boyle*, 406 F.Supp. 787, 791–93 (D.R.I.1975); R. Hundt, *Suing Municipalities Directly Under the Fourteenth Amendment*, 70 Nw.U.L.Rev. 770 (1975); Note, *Damage Remedies Against Municipalities for Constitutional Violations*, 89 Harv.L. Rev. 922 (1976). *But see Farnsworth v. Orem City*, 421 F.Supp. 830, 831 (D.Utah 1976). To the best of our knowledge, no circuit has stated a contrary rule since *Bivens*. Persuaded by the authorities cited above and by the analogous authorities of our court, see *Matherson v. Long Island State Park Commission, supra*, 442 F.2d at 568 (Moore, J.); *Eisen v. Eastman*, 421 F.2d 560, 566–67 (2d Cir. 1969) (Friendly, J.), *cert. denied*, 400 U.S. 841, 91 S.Ct. 82, 27 L.Ed.2d 75 (1970), and following the reasoning of the panel majority opinion in *Brault v. Town of Milton, supra*, 527 F.2d at 733–35, we hold that appellant states a valid cause of action against the school board

members in their official capacities directly under the Fourteenth Amendment.[4]

On the merits, appellant's only serious claim is that she was deprived of a "liberty" interest without a due process hearing.[5] The liberty interest asserted relates to alleged "stigmatization" resulting from her termination, which she claims was on the basis that she had colluded or conspired with Johnson, the principal, to falsify his observations and evaluations of her. *See Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). But the Supreme Court has made it clear that, to constitute deprivation of a liberty interest, the stigmatizing information must be both false, *Codd v. Velger*, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977) (per curiam), and made public, *Bishop v. Wood*, 426 U.S. 341, 348, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), by the offending governmental entity, *see Paul v. Davis*, 424 U.S. 693, 708–10, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Wisconsin v. Constantineau*, 400 U.S. 433, 437, 91 S.Ct. 507, 27 L.Ed.2d 515 (1971). Here there is no claim that the letters that responded to appellant's requests to Wallen and Hines, or their conferences with appellant, or the correspondence with and session of the school board were ever published by appellees.

There are three ways in which appellant asserts that the Board made public derogatory information about her. She claims that (1) the charges against Johnson (and their publication as a result of Johnson's request for a public hearing) publicly called attention to the accusations that Wallen had made against her in private; (2) a statement by the school board treasurer to the State Division of Employment, made in connection with appellant's post-termination application for unemployment benefits, constituted a stigmatization, in that the treasurer stated that appellant was discharged for misconduct or misrepresentation; and (3) stigmatizing information was made public in the course of litigation regarding appellant's unsuccessful grievance. As to the Johnson charges, while they refer to appellant's evaluation forms, they accuse only Johnson, and not appellant, of falsifying the forms and make no mention of any conspiracy between appellant and Johnson. Because no false or defamatory impression of appellant is created by these charges, they cannot be used to support appellant's claim. *See Codd v. Velger, supra,* 429 U.S. at 625–627, 97 S.Ct. 882. As to the supplying of information to the state unemployment office, it may be that no publication

4. Whether money damages are available under this cause of action or only equitable relief, *see Greenya v. George Washington University*, 167 U.S.App.D.C. 379, 385 n. 13, 512 F.2d 556, 562 n.13 (1975), is a question of remedies that we need not reach in view of our holding on the merits of this case. Of course, the question which remedies are ultimately available is not relevant to whether appellant has a cause of action in the first instance. *See Hupart v. Board of Higher Education*, 420 F.Supp. 1087, 1103 n. 38 (S.D.N.Y.1976) (Frankel, J.).

5. Appellant also argues briefly that she was owed such a hearing because she had a "property" interest in her job. Only teachers with tenure or "de facto tenure" have such an interest, *see Perry v. Sindermann*, 408 U.S. 593, 599–603, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth*, 408 U.S. 564, 578, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Lombard v. Board of Education*, 502 F.2d 631, 637 (2d Cir. 1974), and whether a teacher has a job entitlement must be decided by reference to state law, *Bishop v Wood*, 426 U.S. 341, 343–47, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). State law has explicitly determined that appellant was

not entitled to "tenure by default" under her collective bargaining agreement. *Brookhaven Comsewogue School Dist. v. Port Jefferson Station Teachers Ass'n*, 55 A.D.2d 615, 389 N.Y.S.2d 402 (1976) (per curiam), *motion for leave to appeal pending*. As to her unsupported claim that she should have been granted maternity leave to adopt a child in 1970, which would have given her the three consecutive years of employment required for tenure under N.Y.Educ.Law § 3013(1)(a) (McKinney Cum. Supp. 1976–77), we agree, in light of the summary arguments before this court. with the district court's conclusion that appellant was not wrongfully denied maternity leave under applicable New York law and hence agree that she did not have tenure. Nothing in *Cleveland Board of Educ. v. LaFleur*, 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974), or *Crawford v. Cushman*, 531 F.2d 1114 (2d Cir. 1976), which dealt with the constitutionality of mandatory pregnancy leave and termination requirements, alters the conclusion that this appellant has no "entitlement" under state law.

was involved—only a confidential communication with an authorized governmental agency—but in any event the communication occurred after appellant was terminated and hence, in the absence of an employment relationship, amounted to at most the type of simple defamation that the Supreme Court held not to trigger due process rights in *Paul v. Davis, supra*, 424 U.S. at 701–10, 96 S.Ct. 1155. *See also Bishop v. Wood, supra*, 426 U.S. at 348–49, 96 S.Ct. 2074.

■ Finally, whatever good faith disclosures were made in the litigation regarding the grievance under appellant's union contract cannot be used to support her claim. In an adversary setting, the parties must be given latitude to present their case. *Cf. Bishop v. Wood, supra*, 426 U.S. at 349, 96 S.Ct. at 2080 (due process holdings should not "penalize forthright and truthful communications . . . between litigants"); *Restatement (Second) of Torts* §§ 586–87 (1977) (defamation privilege for parties and counsel in judicial proceedings). Appellant contends only that some of the material presented during the litigation was irrelevant, a matter usually governed by rules of evidence. She does not allege, nor does the record indicate, any bad faith on the part of the authorities. Accordingly, no stigma triggering a Fourteenth Amendment liberty interest was here involved.

Appellant's remaining claims are in federal court only under the doctrine of pendent jurisdiction and hence were properly dismissed on jurisdictional grounds at this early pretrial stage of the proceedings. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Locafrance U.S. Corp. v. Intermodal Systems Leasing, Inc.*, 558 F.2d 1113 (2d Cir. 1977).

Judgment affirmed.

