**Harvey S. KORNIT, et al., Plaintiffs,**

v.

**BOARD OF EDUCATION OF the PLAIN-VIEW–OLD BETHPAGE CENTRAL SCHOOL DISTRICT, Defendant.**

**No. CV 81–3347.**

United States District Court,
E. D. New York.

Oct. 23, 1981.

Harvey S. Kornit, Forest Hills, N.Y., pro se.

Immerman & Perlman, Baldwin, N.Y., for plaintiff Paul Rubin.

Campanella, Zolotorofe & Guercio, Plainview, N.Y., for defendant.

GEORGE C. PRATT, District Judge:

By order to show cause returnable October 21, 1981 plaintiff seeks to enjoin defendant school board from imposing penalties under New York State's Taylor Law, Civil Service Law § 210, that would result in a deduction of more than 25% of plaintiff's disposable earnings for the pay period ending October 23, 1981. This latest challenge to the Taylor Law attempts to apply the wage garnishment restrictions of the federal consumer law, 15 U.S.C. § 1671 *et seq.*, to the manner in which the Taylor Law penalties are assessed.

On the return date, counsel for the Plainview-Old Bethpage Congress of Teachers sought leave to intervene and to certify a plaintiff class. The application was withdrawn when defense counsel agreed that if so directed the school board would apply this court's order to all teachers in the district. Instead, only Paul Rubin, president of the teachers' union, was joined as a party plaintiff. All parties have agreed that there are no disputed issues of fact and that summary judgment is appropriate.

The narrow issue before the court is whether § 210 of the Taylor Law is governed by 15 U.S.C. § 1673(a) under supremacy clause principles. The federal statute limits the garnishment of an individual's salary to 25% of the disposable earnings; the Taylor Law provides that the "two day for one day" penalty shall be deducted more than 30 but less than 90 days after the penalty is assessed. In many instances the penalty exceeds 25% of an employee's disposable pay, and, if the strike has been a prolonged one, the Taylor Law penalties may result in a greatly reduced paycheck, or in no check at all.

"Garnishment" is defined in the federal statute as "any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt." 15 U.S.C. § 1672(c). For plaintiff to prevail, the Taylor Law penalties must qualify as a debt within the meaning of this statute.

The federal garnishment provisions were enacted to prevent "predatory extensions of credit" that resulted from a potential creditor's unlimited power to garnish a debtor's wages, 15 U.S.C. § 1671(a)(1), and "for the purpose of carrying into execution the powers of the Congress to regulate commerce and to establish uniform bankruptcy laws," § 1671(b). In the Taylor Law situation, there is no "debt" owed from the employee to the employer in the normal sense of that word. In fact, the amount "owed" is only due if and when the employee returns to work and earns a paycheck and the determination is made that an illegal strike occurred. The Taylor Law penalty is satisfied only from paycheck proceeds, and cannot be transformed into a judgment for money damages due. It simply does not reflect a debtor/creditor relationship.

The court has been asked before to "amend the Taylor Law by spreading its penalty over a longer period than the legislature mandated." *Tepper v. Galloway*, 481 F.Supp. 1211, 1222 (E.D.N.Y.1979). Though the precise argument urged here was not made in that case, the court did discuss the "analogy" between the garnishment laws and Taylor Law penalties and noted that there were significant differences between the two:

> Garnishment and attachment remedies afford the actual or potential judgment creditor a means of assuring, under appropriate circumstances, that the debtor will not remove from the jurisdiction, encumber, or otherwise dispose of certain assets then available to satisfy the creditor's claim. *North Georgia Finishing Inc. v. Di-Chem, Inc.*, 419 U.S. 601, 610 [95 S.Ct. 719, 724, 42 L.Ed.2d 751] (Powell, J., concurring). * * * In contrast, Taylor Law penalty deductions are not intended to preserve assets pending ownership determination. Rather they are intended to be penal in nature. The state's interest in applying penalty deductions against striking employees is clearly different than the state's [or federal] interest in

safe-guarding the assets of debtors prior to judicial determination of ownership. *Tepper v. Galloway*, 481 F.Supp. at 1222.

The court concludes that neither the express language of the statute nor the legislative history indicates that congress intended to subject the Taylor Law provisions to the wage garnishment restrictions of the federal consumer law. Accordingly, plaintiffs' application to enjoin the school district from assessing penalties in excess of 25% of their disposable pay must fail.

The clerk shall enter judgment dismissing the complaint.

SO ORDERED.