Harvey S. KORNIT, Appellant,

v.

BOARD OF EDUCATION OF the PLAINVIEW–OLD BETHPAGE CENTRAL SCHOOL DISTRICT, NEW YORK, Appellee.

No. 849, Docket 81–7840.

United States Court of Appeals, Second Circuit.

Argued March 25, 1982.

Decided April 8, 1982.

Harvey S. Kornit, Forest Hills, N. Y., appellant pro se.

Gregory Guercio, Plainview, N. Y. (Campanella, Zolotorofe & Guercio, P.C., Plainview, N. Y., of counsel), for appellee.

Before FEINBERG, Chief Judge, and MANSFIELD and OAKES, Circuit Judges.

PER CURIAM:

Plaintiff Harvey S. Kornit appeals pro se from a memorandum and order dated October 23, 1981 by George C. Pratt, J. of the United States District Court for the Eastern District of New York. Judge Pratt's decision dismissed appellant's complaint, which sought injunctive relief against defendant Board of Education of the Plainview-Old Bethpage Central School District, New York for alleged violations of Title III of the Consumer Credit Act, 15 U.S.C. §§ 1671–1677. Appellant, a public school teacher, challenges the deduction of two days' wages for his participation in an illegal strike under New York State's Taylor Law, N.Y.Civ.Serv.Law §§ 200–214 (McKinney 1973 & Supp. 1981–1982).[1] He

---

1. This is not the first time that appellant has challenged the Taylor Law. He previously contested the deduction of his wages after a work stoppage in 1972 on the grounds that his right to due process had been violated because the school board members were not impartial decisionmakers and because the procedure provided by N.Y.Civ.Serv.Law § 210 amounted to a garnishment without hearing or court order in violation of *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969). Judge Orrin G. Judd of the United States District Court for the Eastern District of New York dismissed the complaint on the mer-

contends that this deduction constitutes an impermissible garnishment under Title III. Appellant invoked federal jurisdiction under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983.

We affirm for the reasons set forth in Judge Pratt's decision, which is reported at 534 F.Supp. 94 (1981).

its in a memorandum and order dated July 22, 1975. On appeal, this court vacated the judgment with instructions to dismiss for lack of subject matter jurisdiction. *Kornit v. Board of Education*, 542 F.2d 593 (2d Cir. 1976) (per curiam). The Supreme Court granted certiorari and remanded for further consideration in light of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). 438 U.S. 902, 98 S.Ct. 3118, 57 L.Ed.2d 1144 (1978). On remand, this court by order

dated October 4, 1978 affirmed Judge Judd's decision for the reasons set forth in his July 22 memorandum and order. 591 F.2d 1330 (1978). The Supreme Court subsequently denied certiorari, 440 U.S. 936, 99 S.Ct. 1281, 59 L.Ed.2d 495 (1979), and a petition for rehearing, 441 U.S. 917, 99 S.Ct. 2020, 60 L.Ed.2d 390 (1979).