**Julio A. VEGA, Plaintiff,**

v.

**FEDERAL AVIATION ADMINISTRA-TION and Lynn Helms, Defendants.**

**No. CV 83–0540.**

United States District Court,
E.D. New York.

Nov. 19, 1985.

Jack B. Solerwitz, Mineola, N.Y., for plaintiff.

**1178**

Raymond J. Dearie, U.S. Atty. by Igou M. Allbray, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

WEXLER, District Judge.

Plaintiff Julio Vega brings this action against defendants Federal Aviation Administration ("FAA") and Lynn Helms, FAA Administrator, for unconstitutional discharge. Vega alleges first that the FAA's decision to discharge him from a position as a probationary air traffic controller deprived him of a constitutionally protected property interest in his job. Vega alleges next that the FAA violated his liberty interest by claiming falsely that he possessed hashish. Finally plaintiff alleges that the FAA's discharge procedures violated his constitutional right to due process. This matter was tried before the Court on September 19, 1985.

The Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. On December 14, 1981, plaintiff began his employment with the FAA as an air traffic controller. He was placed on probationary status and ordered to report for training by the FAA.

2. Upon his arrival at the FAA facility, plaintiff met with an employee of the FAA to discuss certain charges against plaintiff.

3. The FAA gave plaintiff prior notice of his discharge containing the reasons for the discharge.

4. Plaintiff was discharged by the FAA on March 29, 1982. At the time of his discharge, plaintiff had not completed his one-year probationary period. 5 U.S.C. §§ 3321(a), 7511(a)(1).

5. Plaintiff presented no evidence other than that he was a probationary air traffic controller who was discharged by the FAA after notice and an opportunity for a hearing.

6. Plaintiff presented no evidence that he was foreclosed from other economic opportunities as a result of a stigma created by the FAA's publication of false and defamatory statements regarding his discharge.

7. Plaintiff presented no evidence that he had a right to expect continuous employment as an air traffic controller by the FAA.

8. Plaintiff presented no evidence that the FAA made, published, or disseminated any false or defamatory statements about him either concerning his employment or in connection with his discharge.

9. Plaintiff failed to serve Lynn Helms personally.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

2. A probationary employee has no constitutionally protected property interest in his position unless he has a justified expectation of continued employment by statute, rule or understanding with the employer. *Sampson v. Murray*, 415 U.S. 61, 83, 94 S.Ct. 937, 949 (1974); *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2706, 33 L.Ed.2d 548 (1972); *Shaw v. United States*, 223 Ct.Cl. 532, 622 F.2d 520, 527 (1980). *See also Beeson v. Hudson*, 630 F.2d 622, 626 & n. 6 (5th Cir.1980) (probationary civil service employee has only the weakest of claims to entitlement).

3. Plaintiff was a probationary employee and has no entitlement to continued FAA employment. C.F.R. § 315.804 (1984). Accordingly, discharge of plaintiff by the FAA did not violate any constitutionally protected property interest.

4. Plaintiff has failed to prove that the employer made false and defamatory statements regarding the discharge of the plaintiff. *Gentile v. Wallen*, 562 F.2d 193, 197 (2d Cir.1977) (citations omitted). Accordingly, plaintiff failed to prove that his liberty interest was abridged.

■ 5. Plaintiff has failed to prove that he was denied due process. He received notice from the FAA as to the reasons for his termination before the discharge and has failed to prove that he was denied a hearing or opportunity to clear his name.

6. The claim against defendant Helms is dismissed for lack of *in personam* jurisdiction because Helms was not served pursuant to Fed.R.Civ.P. 4(d)(5).

## SANCTIONS

■ Pursuant to the authority granted this Court under the recently amended Rule 11, Fed.R.Civ.P., the Court has determined that this action is frivolous and has decided to impose costs and fees on plaintiff's counsel. The notes of the Advisory Committee on the 1983 amendment to Rule 11 reveal a greater determination to eliminate spurious lawsuits and unprepared attorneys.

> The new language is intended to reduce the reluctance of courts to impose sanctions ... by emphasizing the responsibilities of the attorney and reenforcing those obligations by the imposition of sanctions.

> .    .    .    .    .

> The new language stresses the need for some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed by the rule.

Fed.R.Civ.P. 11 advisory committee note, 1983 Amendment. *See, e.g., Van Berkel v. Fox Farm and Road Machinery,* 581 F.Supp. 1248 (D.Minn.1984) (attorney sanctioned when he refused to discontinue suit long after statute of limitations had run).

In the present case, the conduct of plaintiff's attorneys warrants the imposition of sanctions. Since June 12, 1984, this Court repeatedly asked plaintiff's counsel to state the legal and factual basis for the action. They failed to do so on each occasion and accordingly, were warned about the likelihood of sanctions if the Court determined that the action was frivolous. After these warnings plaintiff's counsel did not discontinue the action or withdraw and the trial was set to begin on September 18, 1985. On that date, the Court again sought to determine plaintiff's legal and factual basis for the claims. In response, a different attorney from the same firm, one who had not previously appeared in the case, stated that he had only been assigned to the case the prior evening, and requested an adjournment to the following day in order to research plaintiff's position. The request was granted.

On the following day, September 19, yet another attorney from the same firm appeared for plaintiff. This attorney stated that he had only been assigned the case the prior evening and, like his predecessor, he was unable to provide the Court with any legal and factual basis for the lawsuit because the library was closed. After a brief trial and upon oral motion the Court dismissed the action.

The Court concludes that this record provides ample basis for the imposition of sanctions under Rule 11.

Accordingly, it is ordered that the action against defendant Helms is dismissed for lack of *in personam* jurisdiction. It is further ordered that the action against defendant FAA is dismissed with prejudice. Finally, it is ordered that plaintiff's attorney is to pay defendant FAA costs and fees of $822.02.

The Clerk of the Court is directed to enter judgment for defendants.

SO ORDERED.