Jorge **CARDONA**, Plaintiff,

v.

Benjamin **WARD**, Bruce **Majors** and the City of New York, Defendants.

No. 86 Civ. 3928 (JES).

United States District Court, S.D. New York.

Nov. 4, 1987.

Arthur Grossman, Rego Park, N.Y., for plaintiff.

Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of New York, New York City, for defendants; Gwyneth Mackenzie Murphy, Asst. Corp. Counsel, of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

In this action brought pursuant to 42 U.S.C. § 1983 (1982), plaintiff, a former probationary police officer, challenges the termination of his employment, alleging in conclusory fashion that the decision to terminate him was made in bad faith and in violation of his constitutional rights. *See* Complaint at ¶¶ 5, 15, 19, 20. Plaintiff seeks damages as well as a declaratory judgment that defendants are in violation of plaintiff's constitutional rights and "directing the said defendants and each of them to refrain from violating plaintiff's

---

1. The Court notes that although defendant submitted a copy of a transcript of plaintiff's deposition, the Court examined the transcript only to determine whether plaintiff should be permitted to amend his complaint. Therefore, the motion presently before the Court was not treated as a motion for summary judgment. *Cf.* Fed.R.Civ. P. 12(c).

2. Defendants characterize the proceeding as an "interview." *See* Answer at ¶ 10; Defendants'

rights." *See id.* at ¶ 22. Defendants have moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), alleging that plaintiff's complaint fails to state a cause of action.[1] *See* Defendants' Memorandum of Law in Support of the Motion for Judgment on the Pleadings.

## FACTS

The complaint alleges the following facts.

Plaintiff was hired as a probationary police officer with the New York City Police Department on or about July 16, 1984. *See* Complaint at ¶ 15. Plaintiff was given what he characterizes as an "administrative hearing"[2] on or about October 15, 1985 as a result of an accusation by some members of the public that plaintiff left the scene of an accident. *Id.* at ¶ 16. At this proceeding, defendant asked plaintiff if he would submit to a urine test and plaintiff declined to do so. *Id.* at ¶ 18. Plaintiff's employment was terminated on December 16, 1985. *Id.* at ¶ 15.

## DISCUSSION

Whether an individual's interest in continued public employment is a property interest protected by the Due Process Clause of the Fourteenth Amendment depends upon state law. *See Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). A public employee who, under state law, can be terminated at will generally has no due process rights in his position, and therefore, his discharge ordinarily is not a deprivation of property within the meaning of the Due Process Clause. *See id.* at 347, 96 S.Ct. at

---

Memorandum of Law in Support of Motion for Judgment on the Pleadings at 2. Although the parties strongly contest the proper characterization of this proceeding, *see* Deposition of Jorge Cardona ("Dep.") at 11–14, the Court need not address this dispute since the complaint as presently drafted, construed in the light most favorable to plaintiff, is insufficient to establish that plaintiff was entitled to any hearing.

2078; *cf. Mack v. United States*, 814 F.2d 120, 123 (2d Cir.1987).

Under New York state law, a probationary employee holds his position at the will of his employer, subject only to the limitation that any discharge may not be arbitrary and capricious. *See Talamo v. Murphy*, 38 N.Y.2d 637, 639, 345 N.E.2d 546, 547, 382 N.Y.S.2d 3, 4 (1976). In New York, this has been construed to mean that absent a constitutionally-impermissible purpose or the violation of a statutory proscription or a policy established by decisional law, a probationary employee may be dismissed "for almost any reason, or for no reason at all." *Venes v. Community School Bd. of Dist. 26*, 43 N.Y.2d 520, 525, 373 N.E.2d 987, 990, 402 N.Y.S.2d 807, 810 (1978). Thus, an employer may terminate a probationary employee without specifying reasons for the termination and without holding a hearing. *See DeMilio v. Borghard*, 55 N.Y.2d 216, 220, 433 N.E.2d 506, 507, 448 N.Y.S.2d 441, 442 (1982). Moreover, it will be presumed that "public officers vested with discretionary power, exercise their power consistent with their fiduciary obligation...." *See Delicati v. Schechter*, 3 A.D.2d 19, 24, 157 N.Y.S.2d 715, 721 (1st Dep't 1956).

Even construing the complaint liberally, *see* Fed.R.Civ.P. 8(a), the complaint sets forth at best conclusory allegations of bad faith unsupported by any factual allegation sufficient to permit an inference that plaintiff's discharge was arbitrary and capricious. However, in plaintiff's response to defendants' motion, which consists of an affirmation of his attorney, plaintiff alludes to two "theories" of bad faith which he argues support the legal sufficiency of plaintiff's claim. Although neither of these "theories" appears in the complaint and, therefore, they may not be properly considered on a motion to dismiss, they may be relevant as to whether plaintiff should be given leave to amend.

The affirmation first alleges that defendants "maliciously and baselessly attempted to stigmatize the plaintiff by advising the N.Y. State Labor Department, Division of Unemployment Insurance, that the plaintiff was *terminated* for misconduct." Plaintiff's Affirmation in Opposition to Defendant's Motion to Dismiss at ¶ 7 (emphasis in original). The affirmation also alleges that upon plaintiff's refusal to take a urine test, the October 15 proceeding was terminated. *See id.* at ¶ 10; *see also* Deposition of Jorge Cardona ("Dep.") at 28–29 ("hearing" terminated when plaintiff refused to take urine test).

■ The affirmation's reference to the "stigmatization theory" is apparently an attempt to suggest that plaintiff was deprived of a liberty interest without a due process hearing. *See Gentile v. Wallen*, 562 F.2d 193, 197 (2d Cir.1977). Under some circumstances, such a stigmatization may be a legally sufficient predicate for a due process claim. However, the Supreme Court has made it clear that to constitute a deprivation of a liberty interest, the stigmatizing information must be both false and made public by the offending governmental entity. *Id.* (citing *Codd v. Velger*, 429 U.S. 624, 627, 97 S.Ct. 882, 883, 51 L.Ed.2d 92 (1977) (per curiam); *Bishop, supra*, 426 U.S. at 348, 96 S.Ct. at 2079; *Paul v. Davis*, 424 U.S. 693, 708–10, 96 S.Ct. 1155, 1164–65, 47 L.Ed.2d 405 (1976)). Moreover, this Circuit has held that in the absence of an employer-employee relationship, such a stigmatization may amount at most to a simple defamation that does not trigger due process rights. *See Gentile, supra*, 562 F.2d at 197–98. Therefore, it is not clear that the complaint would be sufficient even if these allegations were included, since the statements were allegedly made after plaintiff's termination. Nevertheless, at this juncture the Court will permit plaintiff to amend his complaint to include such allegations, as well as a specific allegation of falsity which is likewise not set forth in the present complaint.

■ The affirmation's claim that the October 15 proceeding was terminated when plaintiff refused to take a urine test apparently is an attempt to claim that requesting

a urine test in the absence of reasonable cause constitutes a due process violation. However, neither the complaint as presently drafted nor the attorney's affirmation alleges that plaintiff was terminated for his refusal to take the urine test[3] or that the test was requested in the absence of reasonable suspicion. *Compare Feliciano v. City of Cleveland,* 661 F.Supp. 578, 592 (N.D. Ohio 1987) (applying reasonable individualized suspicion standard to drug testing of police officers); *Patchogue-Medford Congress of Teachers v. Board of Education,* 70 N.Y.2d 57, 69, 510 N.E.2d 325, 330, 517 N.Y.S.2d 456, 462 (1987) (applying similar standard to testing of probationary teachers). It is therefore not clear that even if granted leave to amend, plaintiff will be able to plead a legally sufficient complaint on this theory, nor is it entirely clear that reasonable suspicion is the correct standard to be applied to testing a probationary police officer. Nevertheless, the Court will grant leave to amend the complaint so that the legal issues raised can be resolved on the basis of a more adequate complaint than presently exists.

The complaint is therefore dismissed with leave to replead within thirty days from the date of this Memorandum Opinion and Order.

It is SO ORDERED.

---

3. In addition to testifying at his deposition about the October 15 proceeding during which he declined to take the urine test at issue here, plaintiff indicated that he had been orally advised by superior officers that anyone who refused to take *another* urine test, which was ordered given to plaintiff's entire squad, would be terminated. *See* Dep. at 20–21, 64–65. Plaintiff was not clear, however, as to whether this warning occurred before or after the October 15 proceeding. Moreover, plaintiff nowhere claims that he was ordered to take a urine test at the October 15 proceeding.