Daniel BERARDINELLI, Plaintiff,

v.

TOWN OF NEWBURGH and Police Officer Leif D. Spencer, Individually, and as a Police Officer of the Town of Newburgh, Defendants.

No. 95 Civ. 2429 (BDP).

United States District Court,
S.D. New York.

Aug. 9, 1995.

Christopher Harold, Harold, Salant, Strassfield & Speilberg, White Plains, NY, for plaintiff.

Bernard J. Sommers, Drake, Sommers, Loeb, Tarshis & Catania, P.C., Newburgh, NY, for defendants.

### MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Defendants Spencer and the Town of Newburgh move to dismiss the federal cause of action in plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. Further, defendants move to dismiss the pendent state claims under Fed.R.Civ.P. 12(b)(1), for lack of subject matter jurisdiction. For the reasons stated, the motions are granted.

### FACTS

This action arises out of an allegedly defamatory police report dated July 5, 1994 which was written by Officer Leif D. Spencer ("Spencer"), a police officer with the Town of Newburgh. Plaintiff Daniel Berardinelli ("Berardinelli") has been employed as a police officer of the City of Yonkers for twenty years. On June 29, 1994, at approximately 11:15 p.m., Berardinelli parked his car at the parking lot of the Golden Rail Lounge ("the Lounge") in the Town of Newburgh, New York. Before leaving his car, he placed his licensed Beretta nine millimeter semi automatic pistol under the front of the passenger seat. Berardinelli got out of his car, locked the doors and entered the Lounge.

At approximately midnight, Berardinelli returned to his car and noticed that it had

been ransacked and that the gun and the magazine clip were missing. He then drove out of the parking lot to report that his weapon had been stolen. En route, Berardinelli noticed Spencer driving a radio car, stopped him, identified himself as a Yonkers police officer and reported the theft of his weapon and magazine clip. Spencer recorded the theft in his notebook and radioed a report to the Town of Newburgh Police Department.

At 1:15, the Yonkers Police Department received from Officer Spencer and the Town of Newburgh a teletyped account of the theft. The following paragraph appeared in that report:

> While speaking with the complainant I noticed the obvious odor of an alcoholic beverage on his breath. He appeared extremely calm and almost unconcerned over the loss of this weapon. There appeared to be a few inconsistencies in the complainant's story. There does not seem to be any question about the loss of this weapon but the circumstances surrounding its disappearance are questionable.[1]

The report was published to Berardinelli's supervisor, other officers in the police department and the Internal Affairs Department of the Yonkers Police Department.[2] As a result of this report, Berardinelli was suspended for five days without pay.

### DISCUSSION

In his complaint, Berardinelli asserts four claims against defendants. The first three are state tort claims for defamation, emotional distress and tortious interference with business relations. As for the fourth claim, Berardinelli alleges that because defendants' defamatory report formed the basis of his suspension, it deprived him of a liberty interest in employment guaranteed by the due process clause of the fourteenth amendment pursuant to 42 U.S.C. § 1983. Berardinelli claims that his deprivation manifested itself not only in his five day suspension but also in the stigma associated with the report which could adversely affect his chances for future promotion.

A successful § 1983 claim requires more than a showing that one has been wronged at the hands of a state or municipal official. Rather, a plaintiff must allege that defendants, under color of law, deprived him of a right secured by the Constitution and laws of the United States. *Adickes v. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The Supreme Court has held that an individual whose reputation is injured by the remarks of a public official is deprived of a liberty or property interest if he suffers a resultant tangible injury, such as loss of employment. *Paul v. Davis*, 424 U.S. 693, 699–710, 96 S.Ct. 1155, 1159–1165, 47 L.Ed.2d 405 (1976); *Zemsky v. City of New York*, 821 F.2d 148 (2nd Cir.1987), *cert. denied*, 484 U.S. 965, 108 S.Ct. 456, 98 L.Ed.2d 396 (1987); *Dower v. Dickinson*, 700 F.Supp. 640, 645 (N.D.N.Y.1988). However, this Circuit has held that, absent an employer-employee relationship between the allegedly defaming defendant and the plaintiff, the alleged stigmatization amounts, at most, to simple defamation. *Cardona v. Ward*, 673 F.Supp. 120 (S.D.N.Y.1987); see also *Gentile v. Wallen*, 562 F.2d 193, 198 (2d Cir.1977) (holding that allegedly defamatory material published by defendant after plaintiff's termination does not state a due process claim). *Paul v. Davis*, 424 U.S. at 710, 96 S.Ct. at 1165 ("to establish a claim under § 1983 and the Fourteenth Amendment ... the defamation [must] occur in the course of the termination of the employment.").[3]

1. In his affidavit in opposition to defendants' motion, Berardinelli claims that Spencer may have held a grudge against him because he did not wish to engage in "idle chitchat" during this exchange. He also contends that Spencer may have held a grudge against him because Berardinelli's daughter terminated a romantic relationship with Spencer's friend.

2. In his affidavit in response to defendants' motion, Berardinelli states that he learned that the APB, which, under applicable police procedure, should have been directed to other police departments in New York State, was sent only to his employer.

3. Our holding is limited to consideration of the employment relationship between the parties and does not reach plaintiff's claim of a lost liberty interest. In *Paul v. Davis*, 424 U.S. at 712, 96 S.Ct. at 1166, the Supreme Court held that "reputation alone, apart from some more tangible

◼ Because it is clear that Berardinelli is not an employee of defendants, we find that he fails to state a valid claim under 42 U.S.C. § 1983. Moreover, having dismissed Berardinelli's one federal claim at this stage in the proceedings, the Court declines to exercise pendent jurisdiction over the state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Grondahl v. Merritt & Harris*, 964 F.2d 1290, 1294 (2d Cir.1992).

◼ Berardinelli argues that dismissal of the pendent state law claims should be conditioned on defendants' agreement to waive the statute of limitations defense in state court. Such a condition is not, in the Court's view, appropriate. But see N.Y. C.P.L.R. § 205(a) (McKinney 1990); and *Diffley v. Allied Signal Inc.*, 921 F.2d 421, 424 (2d Cir.1990); *Dunton v. County of Suffolk*, 729 F.2d 903, 911, n. 8 (1984).

### CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted.

SO ORDERED.

interests such as employment, is [not] 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause." Whether plaintiff's claim that a five day suspension amounts to the requisite loss of a tangible interest has not been addressed by the Supreme Court and has received inconsistent treatment in the lower courts. Compare e.g., *Garraghty v. Jordan*, 830 F.2d 1295, 1299 (4th Cir.1987) (finding that five day suspension "was not a *de minimus* deprivation for with the suspension [plaintiff] lost compensation and other emoluments of the office for the period of the suspension"); and *Vernon Click v. Board of Police Commissioners*, 609 F.Supp. 1199 (W.D.Mo.1985) (holding that "[p]laintiff was deprived of a property interest when he was suspended without pay for three days"); with *Hershinow v. Bonamarte*, 735 F.2d 264, 265 (7th Cir.1984) (holding that a suspension is not enough of a deprivation under the due process clause: "such cases have no application where the employee is not fired ... [plaintiff] cannot complain that he has been made unemployable; he remains employed, and in a job that has considerable tenure rights attached to it"); *Carter v. Western Reserve Psychiatric Habilitation*, 767 F.2d 270, n. 1 (6th Cir.1985) ("although we recognize that a two day suspension constitutes a property deprivation in theory ... not every such deprivation is significant enough to trigger the protections of the due process clause ... [in this case] we find the deprivation as *de minimus* and not deserving of due process consideration) (citations omitted).