820 F.2d 41
 40 Ed. Law Rep. 56, 3 Indiv.Empl.Rts.Cas. 439
 Wayne BRANDT, Plaintiff-Appellant,
v.
BOARD OF COOPERATIVE EDUCATIONAL SERVICES, THIRD SUPERVISORY
DISTRICT, SUFFOLK COUNTY, NEW YORK, Edward J.
Murphy and Dominick Morreale,
Defendants-Appellees.
 No. 981, Docket 86-9053.
 United States Court of Appeals,
Second Circuit.
 Argued April 1, 1987.
Decided May 29, 1987.
 
 Barbara J. Johnson, Mineola, N.Y. (Kaplowitz, Galinson & Johnson, Alexander J. Wulwick, of counsel), for plaintiff-appellant.
 Warren H. Richmond, III, Northport, N.Y. (Ingerman, Smith, Greenberg, Gross & Richmond, of counsel), for defendants-appellees.
 Before FEINBERG, Chief Judge, and TIMBERS and ALTIMARI, Circuit Judges.
 FEINBERG, Chief Judge:
 
 
 1
 This appeal concerns whether appellant Wayne Brandt, after his dismissal as a public school teacher, was entitled to a name-clearing hearing pursuant to 42 U.S.C. Sec. 1983 based on the presence of allegedly false and defamatory charges in his personnel file. In October 1980, the Board of Cooperative Educational Services, Third Supervisory District, Suffolk County, New York (the Board), appointed Brandt as a substitute teacher of autistic children at the James E. Allen Learning Center operated by the Board. Brandt's students were 16 to 19 years old with I.Q. scores ranging from 10 to 25. In a series of meetings held in March and April 1981, appellees--the Board; Edward J. Murphy, the Superintendent of Schools; and Dominick Morreale, the principal of the Learning center--charged Brandt with various acts of sexual misconduct involving his students. Despite pressure from appellees, Brandt refused to resign. His demand for a hearing to clear himself of the charges was denied. He was discharged in April 1981, in the middle of his term.
 
 
 2
 In August 1981, Brandt commenced a proceeding in state court pursuant to Article 78 of the New York Civil Practice Law and Rules. Brandt sought reinstatement to his position, back pay and other benefits and removal from his personnel file of all references to his termination and the charges made against him. By unpublished order in April 1982, the New York Supreme Court ruled that Brandt was not entitled to reinstatement but was entitled to a name-clearing hearing. This order was amended in May to indicate that the hearing was to be held in court. The decision was affirmed on appeal in January 1983, 91 A.D.2d 1043, 458 N.Y.S.2d 892 (2d Dep't 1983), and leave to appeal to the New York Court of Appeals was denied in September 1983, 60 N.Y.2d 661, 467 N.Y.S.2d 833, 455 N.E.2d 486 (1983). As of the date of oral argument before this court, the name-clearing hearing had not been held.
 
 
 3
 In February 1984, Brandt sought relief in federal court pursuant to 42 U.S.C. Sec. 1983, claiming that appellees had violated his right to liberty under the Fourteenth Amendment. In this complaint, Brandt sought a name-clearing hearing, damages, attorney's fees for the federal suit and attorney's fees for the state proceedings. Brandt did not request reinstatement in the federal complaint.
 
 
 4
 At a pre-trial conference in November 1986, Judge Leonard D. Wexler of the United States District Court for the Eastern District of New York heard argument on a motion for summary judgment by appellees. The district court ruled that, in order for Brandt to establish his liberty interest, he had to prove that the sexual allegations about him were false and that there was actual disclosure of them to individuals other than those involved in the investigation. Finding that Brandt was unable to prove actual disclosure of the allegations, the district court granted summary judgment to appellees and dismissed Brandt's complaint. This appeal followed.
 
 
 5
 A government employee's liberty interest is implicated where the government dismisses him based on charges "that might seriously damage his standing and associations in his community" or that might impose "on him a stigma or other disability that foreclose[s] his freedom to take advantage of other employment opportunities." Board of Regents v. Roth, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972). For example, charges that the employee is guilty of dishonesty or immorality are stigmatizing because they call into question the person's "good name, reputation, honor, or integrity." Id. In addition, the charges against the employee must be made "public" by the government employer, Bishop v. Wood, 426 U.S. 341, 348-49, 96 S.Ct. 2074, 2079-80, 48 L.Ed.2d 684 (1976); Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 446-47 (2d Cir.1980), and the employee must allege that the charges are false, Codd v. Velger, 429 U.S. 624, 627, 97 S.Ct. 882, 883, 51 L.Ed.2d 92 (1977). Where the employee's liberty interest is implicated, he is entitled under the due process clause to notice and an opportunity to be heard. Roth, 408 U.S. at 573, 92 S.Ct. at 2707.
 
 
 6
 The issue before us is whether the district court properly granted summary judgment to appellees based on its ruling that Brandt must prove that appellees had actually disclosed false allegations of sexual misconduct. As a preliminary matter, it is not clear whether the district court ruled that Brandt had to prove the falsity of the charges in order to establish his right to a name-clearing hearing or only in order to establish damages. While we do not take issue with the latter proposition, we have no doubt that the former is erroneous. The Supreme Court has required only that a plaintiff raise the issue of falsity regarding the stigmatizing charges--not prove it--in order to establish a right to a name-clearing hearing. See Codd, 429 U.S. at 627, 97 S.Ct. at 883. Here, Brandt satisfied that requirement by alleging in his complaint that the charges were false. The truth or falsity of the charges would then be determined at the hearing itself. If Brandt had to prove the falsity of the charges before he could obtain a hearing, there would be no need for the hearing.
 
 
 7
 Appellees do not contest that point but they argue that under Bishop, 426 U.S. at 348, 96 S.Ct. at 2079, no liberty interest is implicated where there has been no public disclosure of the reasons for the discharge. See also Gentile v. Wallen, 562 F.2d 193, 197 (2d Cir.1977). Brandt has conceded that appellees have disclosed the charges against him only to those involved in the investigation. Brandt argues, however, that the presence of the charges in his personnel file satisfies the "public disclosure" requirement because there is a likelihood that these charges may be disclosed in the future. He claims that prospective employers will want to know about his qualifications as a teacher, will gain access to the file and "will most certainly not hire him" when they learn of the charges.
 
 
 8
 It is important to emphasize that we are reviewing a grant of summary judgment. If there was any genuine issue of material fact before the district court, then the grant of summary judgment was improper. See Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11-12 (2d Cir.1986). At the conference before Judge Wexler in November 1986, the Board did not stipulate that it would never disclose the charges to Brandt's prospective employers. The Board's counsel stated that he believed the Board's policy was to not disclose but Brandt vigorously contested this representation. Thus, there was a genuine issue of fact regarding the likelihood of disclosure to Brandt's prospective employers. The question now is whether the likelihood of such disclosure is material to Brandt's claim, and we conclude that it is.
 
 
 9
 The Supreme Court set forth the "public disclosure" requirement in Bishop, 426 U.S. at 348, 96 S.Ct. at 2079. In that case, the reasons for the employee's termination were communicated orally to the employee in private, and prior to litigation, the reasons had not been made public. With respect to the impact on the discharged employee's future employment opportunities, the Court concluded that despite termination, the employee "remain[ed] as free as before to seek another" job where there had been no public disclosure of the reasons for the discharge. Id. (quoting Roth, 408 U.S. at 575, 92 S.Ct. at 2708). The Court also concluded that because the communication was not made public, "it cannot properly form the basis for a claim that [the employee's] interest in his 'good name, reputation, honor, or integrity' was thereby impaired." Id.
 
 
 10
 Similarly, in Gentile, 562 F.2d at 197, this court held that the discharged government employee failed to establish that she had been deprived of a liberty interest because there had been no public disclosure of the reasons for her discharge. The reasons had been disclosed to plaintiff through letters and conferences in private, and there was no claim that these communications were ever published to potential employers by the defendant governmental unit.
 
 
 11
 Thus, where the reasons for an employee's termination are kept private, it is clear that the "public disclosure" requirement has not been met and there has been no violation of the employee's liberty interest. Neither Bishop nor Gentile, however, involved the placement of stigmatizing charges in the personnel file of the discharged employee. More important, the "public disclosure" requirement set forth in Bishop and Gentile is not a self-defining concept. The purpose of the requirement is to limit a constitutional claim to those instances where the stigmatizing charges made in the course of discharge have been or are likely to be disseminated widely enough to damage the discharged employee's standing in the community or foreclose future job opportunities. In determining the degree of dissemination that satisfies the "public disclosure" requirement, we must look to the potential effect of dissemination on the employee's standing in the community and the foreclosure of job opportunities. As a result, what is sufficient to constitute "public disclosure" will vary with the circumstances of each case.
 
 
 12
 In this case, we consider the effect on Brandt's future job opportunities since that is the harm he contends will result from dissemination of the reasons for his discharge. If Brandt is able to show that prospective employers are likely to gain access to his personnel file and decide not to hire him, then the presence of the charges in his file has a damaging effect on his future job opportunities. See Velger v. Cawley, 525 F.2d 334, 336-37 (2d Cir.1975), rev'd on other grounds sub nom. Codd v. Velger, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977). Brandt need not wait until he actually loses some job opportunities because the presence of the charges in his personnel file coupled with a likelihood of harmful disclosure already place him "between the devil and the deep blue sea." Velger v. Cawley, 525 F.2d at 336. In applying for jobs, if Brandt authorizes the release of his personnel file, the potential employer would find out about the allegations of sexual misconduct and probably not hire him. If he refuses to grant authorization, that, too, would hurt his chances for employment. Id. Thus, Brandt, unlike the employee in Bishop, would not be "as free as before to seek another" job.
 
 
 13
 Courts of appeals for other circuits have similarly concluded that the public disclosure requirement has been satisfied where the stigmatizing charges are placed in the discharged employee's personnel file and are likely to be disclosed to prospective employers. See Doe v. United States Dep't of Justice, 753 F.2d 1092, 1113 n. 24 (D.C.Cir.1985); Burris v. Willis Indep. School Dist., Inc., 713 F.2d 1087, 1092 (5th Cir.1983); Hogue v. Clinton, 791 F.2d 1318, 1322 n. 7 (8th Cir.), cert. denied, --- U.S. ----, 107 S.Ct. 648, 95 L.Ed.2d 704 (1986); Bailey v. Kirk, 777 F.2d 567, 580 n. 18 (10th Cir.1985); see also Larry v. Lawler, 605 F.2d 954, 958 (7th Cir.1978). We hold, therefore, that it was error for the district court to grant summary judgment to appellees, and to deny Brandt the chance to substantiate his claim that future employers are likely to gain access to his personnel file and refuse to hire him.
 
 
 14
 Relying on Paul v. Davis, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), and Gentile, 562 F.2d 193, appellees also argue that because of the lapse of time between Brandt's termination and any future disclosure of the sexual allegations, the imposition of the stigma would not occur "within the course of termination." Appellees thus contend that any future disclosure would be nothing more than simple defamation. In Paul, the Supreme Court noted that, under Roth, it is not sufficient for a liberty claim "that there simply be defamation by a state official; the defamation had to occur in the course of the termination of employment." 424 U.S. at 710, 96 S.Ct. at 1165.
 
 
 15
 In Velger v. Cawley, 525 F.2d 334 (2d Cir.1975), rev'd on other grounds sub nom. Codd v. Velger, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977), this court held squarely that a discharged employee's liberty interest had been implicated where stigmatizing charges were placed in the employee's personnel file and were likely to be disclosed to future employers and deprive the employee of job opportunities. We believe that the holding of Velger meets the Supreme Court's concern in Paul since the charges were placed in the employee's file during the course of his termination.
 
 
 16
 In Gentile, 562 F.2d at 197-98, a school board treasurer, in connection with an employee's post-termination application for benefits, disclosed to the State Division of Unemployment that the employee was discharged for misconduct or misrepresentation. This court noted that because the communication to the Division of Unemployment occurred after the employee had been terminated, the employee at most had shown a simple defamation. In Gentile, no stigmatizing material was placed in the employee's file at the time of termination, and the court did not discuss Velger. The Gentile court found that no liberty interest had been implicated, apparently on the theory that there was no defamation at the time of termination. Therefore, Gentile does not affect the holding of Velger.
 
 
 17
 The significant facts of this case parallel those in Velger. The stigmatizing charges of sexual misconduct were made against Brandt during the course of his termination and apparently were placed in his personnel file at that time. Brandt has alleged that the charges are false, and has raised a genuine issue of fact concerning the likelihood of future disclosure. Any disclosure of the charges to prospective employers would inevitably deprive Brandt of job opportunities. We therefore follow Velger and hold that Brandt must have an opportunity to prove that his liberty interest has been implicated.
 
 
 18
 We reverse the grant of summary judgment to appellees and remand to the district court. On remand, Brandt must be given the opportunity to substantiate his contention that appellees are likely to make his personnel file available to prospective employers. Only if he is able to prove a likelihood of future disclosure will he be entitled to relief under Sec. 1983. The parties raise a number of legal arguments and factual issues on whether Brandt can in fact substantiate that claim. In light of our disposition here, these arguments should be made to the district court. In addition, since the state courts have already directed the Board to provide Brandt with a name-clearing hearing, which we were told during oral argument was imminent, the district court should explore with the parties the effect of that order on this case and if a hearing has not been held, the reasons why.