845 F.2d 416
 46 Ed. Law Rep. 548, 3 Indiv.Empl.Rts.Cas. 442
 Wayne BRANDT, Plaintiff-Appellant,
v.
BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Third Supervisory
District, Suffolk County, New York, Edward J.
Murphy and Dominick Morreale,
Defendants-Appellees.
 No. 664, Docket 87-7847.
 United States Court of Appeals,
Second Circuit.
 Argued March 10, 1988.
Decided April 28, 1988.
 
 Barbara J. Johnson, Mineola, N.Y. (Kaplowitz, Galinson & Johnson, Alexander J. Wulwick, of counsel), for plaintiff-appellant.
 Warren H. Richmond, III, Northport, N.Y. (Ingerman, Smith, Greenberg, Gross & Richmond, of counsel), for defendants-appellees.
 Before MESKILL and ALTIMARI, Circuit Judges, and MISHLER, District Judge.*
 ALTIMARI, Circuit Judge:
 
 
 1
 This appeal concerns a matter previously before this court. In Brandt v. Board of Cooperative Educational Services ("Brandt I "), 820 F.2d 41 (2d Cir.1987), we reversed a grant of summary judgment in favor of defendants and remanded the case to the district court. The subsequent disposition by the district court is the subject of this appeal. For reasons stated below, we affirm.
 
 BACKGROUND
 
 2
 The relevant facts are set out fully in this court's opinion in Brandt I and therefore need only be summarized briefly here. In February 1984, plaintiff-appellant Wayne Brandt filed an action against defendants-appellees Board of Cooperative Educational Services, Third Supervisory District, Suffolk County, New York (the "Board"); Edward J. Murphy, the Superintendent of Schools; and Dominick Morreale, principal of the James E. Allen Learning Center, a school for autistic children operated by the Board, claiming that defendants had denied him due process under the fourteenth amendment by failing to grant him a "name-clearing" hearing with regard to the presence of allegedly false and defamatory charges in his personnel file, and that, consequently, he was entitled to damages pursuant to 42 U.S.C. Sec. 1983.
 
 
 3
 In ruling upon defendants' initial motion for summary judgment, the United States District Court for the Eastern District of New York (Wexler, J.) held, inter alia, that, in order for Brandt to establish a violation of his constitutionally protected liberty interest, he had to prove public disclosure of the allegedly false charges in his file. Finding that Brandt was unable to prove disclosure to individuals other than those involved in the Board's investigation, the district court granted summary judgment in favor of the defendants. On appeal, this court reversed, holding that Brandt could prevail on a motion for summary judgment--even though he conceded that the allegations had not yet been disclosed--"if he [could] prove a likelihood of future disclosure" to prospective employers. 820 F.2d at 46.
 
 
 4
 On remand, defendants again moved for summary judgment, arguing that since all the stigmatizing charges against Brandt had been removed from his personnel file, there was no longer a likelihood of future disclosure, and hence he could not establish a violation of his liberty interest. In response to defendants' motion, Brandt contended that despite the unlikelihood of future disclosure, he should nevertheless be entitled to damages under section 1983 for the period during which the charges remained in his file because during such period he was subjected to a likelihood that those charges would be disclosed. The district court found Brandt's claim to be untenable and consequently granted summary judgment in favor of defendants.
 
 DISCUSSION
 
 5
 An individual's constitutionally protected liberty interest is implicated when the government, in terminating a person's employment, imposes upon such person a stigma which restricts his ability to obtain future employment. See Board of Regents v. Roth, 408 U.S. 564, 573-74, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972); Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 446 (2d Cir.1980). "[S]uch governmental action cannot be undertaken unless the individual is afforded an opportunity to be heard and to 'clear his name.' " Quinn, 613 F.2d at 446 (quoting Roth, 408 U.S. at 573 n. 12, 92 S.Ct. at 2707 n. 12). However, public disclosure of the stigmatizing allegations must be shown in order for this constitutional right to be implicated. Bishop v. Wood, 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976); Gentile v. Wallen, 562 F.2d 193, 197 (2d Cir.1977).
 
 
 6
 In Brandt I, we held that in establishing the "public disclosure" requirement, it is sufficient that plaintiff demonstrate a likelihood of future disclosure. 820 F.2d at 45. In so holding, we noted that the purpose of the "public disclosure" requirement is to "limit a constitutional claim to those instances where the stigmatizing charges made in the course of the discharge have been or are likely to be disseminated widely enough to damage the discharged employee's standing in the community or foreclose future job opportunities." Id. at 44. Thus, in Brandt I we concluded that Brandt should be given the opportunity to "substantiate his claim that future employers are likely to gain access to his personnel file and refuse to hire him." Id. at 45.
 
 
 7
 The issue now before us is whether the removal of the stigmatizing allegations from Brandt's personnel file subsequent to our decision in Brandt I vitiates his due process claim. In Brandt I, we were not satisfied with defendants' mere assertion that it was the Board's policy not to disclose to prospective employers unsubstantiated allegations contained in an employee's personnel file. On remand, defendants provided the district court with a copy of Brandt's complete record along with an affidavit of Superintendent Murphy, both of which indicated that any references to the stigmatizing allegations had been deleted from Brandt's personnel file. Superintendent Murphy also directed his subordinates not to reveal to prospective employers the allegations which led to Brandt's termination. In addition, it was uncontroverted that the information in Brandt's file was never publicly disclosed by the Board.
 
 
 8
 We agree with the district court's conclusion that once the allegations were removed, there no longer existed a likelihood that Brandt would be denied future job opportunities because of the allegations formerly contained in his file. That potential employers could have gained access to Brandt's file in the interim period before removal of the allegations is not of sufficient consequence by itself to implicate a liberty interest under the fourteenth amendment. Since plaintiff can show neither actual disclosure nor a likelihood of any future disclosure of the stigmatizing allegations subsequently removed from his personnel file, he has failed to establish a violation of his protected liberty interest in his "good name, reputation, honor, or integrity." Board of Regents v. Roth, 408 U.S. at 573, 92 S.Ct. at 2707. Accordingly, we find that the district court properly granted summary judgment in favor of the defendants.
 
 
 9
 Affirmed.
 
 
 
 *
 The Honorable Jacob Mishler, Senior Judge, United States District Court for the Eastern District of New York, sitting by designation