Fred CARFORA, Plaintiff,

v.

The CITY OF NEW YORK and the City of New York Department of Environmental Protection, Defendants.

No. 87 Civ. 4110(PNL).

United States District Court, S.D. New York.

Feb. 17, 1989.

Wiseman & Hoffman, Brooklyn, N.Y. (Andrew S. Hoffman, of counsel), for plaintiff.

Peter L. Zimroth, Corp. Counsel of City of New York, New York City (Daniel Turbow, Asst. Corp. Counsel, of counsel), for defendants.

## OPINION AND ORDER

LEVAL, District Judge.

These are cross-motions for summary judgment brought on the one hand by defendants, City of New York and City of New York Department of Environmental Protection,[1] and by plaintiff, Fred Carfora.

1. Defendants originally moved pursuant to Fed. R.Civ.P. Rule 12(b)(6) to dismiss the complaint. Because defendants' motion relied on matters outside the pleadings and plaintiff had also cross-moved for summary judgment, I converted the motion to one for summary judgment.

## BACKGROUND

Plaintiff, Fred Carfora, brings action under 42 U.S.C. § 1983 alleging deprivation of his job and his reputation without due process. Carfora is a former Deputy Commissioner of the Department of Environmental Protection ("DEP"). In 1984, one of the employees of DEP, Edward Nicastro, filed a complaint with the New York City Department of Investigation ("DOI"), alleging that Carfora had retaliated against him on account of Nicastro's reports to the Department's Inspector General about the administration of water tunnel contracts. Nicastro's complaint alleged that Carfora's retaliatory firing had violated the New York City "Whistleblower" Law, New York City Local Law No. 10, Executive Order No. 78. At this time, Carfora was an Assistant Commissioner at DEP. During the ensuing DOI inquiry, Carfora testified in a closed hearing, and was cleared of any wrongdoing. In December of 1984, Carfora was promoted to Deputy Commissioner of DEP.

In February of 1986, DOI reopened its investigation. Carfora was called to testify twice more during the pendency of this inquiry. On April 23, 1986, Kenneth Conboy, the Commissioner of DOI, wrote a letter to Harvey Schultz, the Commissioner of DEP, stating that DOI had concluded that Carfora had violated the Whistleblower Law, and requesting that Schultz take action. On April 29, 1986, Schultz wrote a letter to Carfora offering him the opportunity to provide a written response to the DOI charges. On May 5, 1986, Carfora provided a lengthy written refutation of the charges, which was forwarded to DOI.

On July 2, 1986, DOI issued its final report, finding that Carfora had retaliated against Nicastro in violation of the Whistleblower Law. Thereupon, in reliance upon DOI's findings, Schultz demoted Carfora from his position as Deputy Commissioner to that of Assistant Commissioner with a reduction in salary from $71,000 to $60,000.

Carfora alleges that the humiliation resulting from this disciplinary action, coupled with the public airing of the finding made by DOI, rendered his position at DEP untenable, so that he had no choice but to resign, which he did on July 15, 1986. He alleges also that he was told upon his demotion that he could retain his position only two more years. He alleges he has since been unable to obtain suitable employment.

Carfora alleges that the defendants' actions violated the Due Process Clause of the Constitution by depriving him of a property interest in his job and a liberty interest in his good reputation, without a hearing or the right to cross-examine witnesses. He seeks an order restoring him to his position as Deputy Commissioner and awarding him back pay, or, in the alternative, granting him a name-clearing hearing at which he can dispel the stigmatizing effects of defendants' actions against him.

Defendants' motion for summary judgment seeks dismissal of the action. Plaintiff's cross-motion for summary judgment asks that the City be required to furnish a name-clearing hearing.

## DISCUSSION

In order to state a claim for a violation of the Due Process Clause under § 1983, plaintiff must allege the deprivation under color of state law of a constitutionally protected right without due process. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981); *Rudow v. City of New York*, 822 F.2d 324, 329 (2d Cir.1987). Defendants assert that Carfora did not possess a property right in his position as Deputy Commissioner of DEP, and that whatever liberty interest he had in his good reputation was more than sufficiently respected by the procedures afforded him.

■ Plaintiff did not have a property right in his continued employment as Deputy Commissioner of DEP. The Supreme Court has instructed that "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it[,] [h]e must, instead, have a legitimate claim of entitlement to it."

*See* Order of Nov. 9, 1988; *see also* Fed.R.Civ.P.    12(c).

*Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). "In the employment context, a property interest arises only where the state is barred, whether by statute or contract, from terminating (or not renewing) the employment relationship without cause." *S & D Maintenance Co. v. Goldin,* 844 F.2d 962, 967 (2d Cir.1988). (Emphasis in original).

Carfora's position as Deputy Commissioner of DEP is in the "exempt" class of civil service positions under § 41 of the New York State Civil Service Law. Tazzi Aff. ¶ 4. Plaintiff was therefore terminable at will under New York law without a hearing and without cause. *See Voorhis v. Warwick Valley Central School Dist.,* 92 A.D.2d 571, 459 N.Y.S.2d 325 (2d Dept. 1983). The Second Circuit has repeatedly held that where a statute clearly permits removal without cause and without a hearing, the employee does not possess a property right protected by the due process clause of the Constitution. *See Baden v. Koch,* 799 F.2d 825, 829 (2d Cir.1986) (*Baden II*); *Goetz v. Windsor Central School District,* 698 F.2d 606, 608 (2d Cir.1983); *Baden v. Koch,* 638 F.2d 486, 492 (2d Cir. 1980) (*Baden I*); *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 448 (2d Cir.1980).

■ Carfora asserts a constitutionally protected liberty interest in his "good name, reputation, honor, or integrity," *Wisconsin v. Constantineau,* 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515 (1971). Such an interest is infringed when a state official disseminates stigmatizing information without due process in the course of terminating the individual's employment. The Second Circuit has stated that "[a] government employee's liberty interest is implicated where the government dismisses him based on charges 'that might seriously damage his standing and associations in his community' or that might impose 'on him a stigma or other disability that foreclose[s] his freedom to take advantage of other employment opportunities.' " *Brandt v. Board of Cooperative Educational Services,* 820 F.2d 41, 43 (2d Cir.

1987). To support a cause of action, the stigmatizing charges must be publicized by the state, *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 547 n. 13, 105 S.Ct. 1487, 1496, n. 13, 84 L.Ed.2d 494 (1985); *Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976); *Brandt v. Board of Cooperative Educational Services,* 820 F.2d 41, 44 (2d Cir. 1987), and must be false. *Codd v. Velger,* 429 U.S. 624, 627, 97 S.Ct. 882, 883–84, 51 L.Ed.2d 92 (*Per Curiam*) (1977); *S & D Maintenance Co. v. Goldin,* 844 F.2d 962, 971 (2d Cir.1988).

■ Plaintiff claims that he was constructively discharged from DEP because his humiliation made it practically impossible for him to execute the supervisory duties of the office to which he was demoted. To establish a claim of constructive discharge, plaintiff must produce facts showing that the employer " ' "deliberately [made] an employee's working conditions so intolerable," ' " as to force the resignation." *Martin v. Citibank, N.A.,* 762 F.2d 212, 221 (2d Cir.1985) (quoting *Pena v. Brattleboro Retreat,* 702 F.2d 322, 325 (2d Cir.1983)). *See Neale v. Dillon,* 534 F.Supp. 1381, 1390 (E.D.N.Y.1982) ("A claim of constructive discharge must be supported by more than the employee's subjective opinion that his or her position has become so intolerable and difficult that he or she must resign."), *affirmed,* 714 F.2d 116 (2d Cir.1982).

Nonetheless, in *Baden II,* on rather similar facts, the Court of Appeals has held that an employee who is demoted to a position involving similar responsibilities possesses a "weak" liberty interest. *See Huntley v. Community School Board of Brooklyn,* 543 F.2d 979, 985 (2d Cir.1976), *cert. denied,* 430 U.S. 929, 97 S.Ct. 1547, 51 L.Ed.2d 773 (1977), (school principal demoted to teacher stated claim for liberty interest); *Baden II, supra,* 799 F.2d 825, 831 (2d Cir.1986), (demotion of chief medical examiner to deputy chief medical examiner states "relatively weak" liberty interest claim); *Martucciello v. Ward,* 87 Civ. 1709 (JFK), slip op. at 5 (S.D.N.Y. January 11, 1988) [1988 WL 3490]. I assume the same

to be true of Carfora's demotion with attendant accusation. I assume further that the weak liberty interest would be strengthened if Carfora could prove, as he alleges in his affidavit, that he was told by Schultz that he would not be permitted to remain employed as Assistant Commissioner longer than two years. On these assumptions, I turn to the question whether he was afforded due process under the circumstances. The answer is unquestionably that he was. Carfora received notice of the charge against him. He was offered the opportunity to testify which he took. The Department of Investigation performed an investigation and prepared a detailed report of its conclusions. The report was furnished to plaintiff and he was invited to submit his rebuttal before any action was taken. Plaintiff prepared a written rebuttal which was submitted to the Department of Investigation. Upon receipt of his rebuttal, DOI performed extensive reinterviewing. It also called plaintiff back to testify again. DOI's final report confirmed its prior finding and specifically addressed and rebutted the contentions of plaintiff's submission.

These procedures afforded plaintiff far more process than was required under these circumstances. Plaintiff complains that his first testimony was on short notice without counsel, that he did not have the opportunity to confront and cross-examine adverse witnesses and he was not permitted to call witnesses on his behalf. But the amount of process due depends on a balancing of the strength of the individual's interests against the countervailing state interests. *See Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976); *Baden II, supra,* at 831. The "weak liberty interest" that was at stake in these circumstances commands less procedural safeguards of the individual's rights than a criminal trial or a dismissal from tenured employment. The right of cross-examination is not applicable to all hearings. *Wolff v. McDonnell,* 418 U.S. 539, 567, 94 S.Ct. 2963, 2980, 41 L.Ed.2d 935 (1974). The Supreme Court has held that it is not constitutionally required in many settings, some of which implicate the same right to reputation asserted by plaintiff.

*See Goss v. Lopez,* 419 U.S. 565, 583, 95 S.Ct. 729, 740–41, 42 L.Ed.2d 725 (1975) (suspension from school for defamatory reasons); *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) (deprivation of public employment).

Similarly, a person who suffers the loss of a liberty or property interest does not necessarily have the right to present witnesses. *See Goss v. Lopez,* 419 U.S. 565, 583, 95 S.Ct. 729, 740–41, 42 L.Ed.2d 725 (1975). In *Baden II,* the court held that the plaintiff was provided sufficient due process by being given notice of the complaints about his performance as Chief Medical Examiner and the opportunity to respond in writing. *Id.* at 832. The *Baden II* court also noted that some hearings held entirely on paper may comport with the Due Process Clause. *Id.* at 832 (citing H. Friendly, *Some Kind of Hearing,* 123 U.Pa.L.Rev. 1270, 1281 (1975)).

For the staffing of high level, exempt, policy-making jobs, the State has a strong interest in the ability to act quickly and to receive confidential information. *See Baden II, supra,* at 833. If Carfora's demands were required procedure for the removal of high executive officials, the public interest in competent and honest government would be sacrificed in favor of lengthy procedures invoked by individuals wishing to retain positions of power. There is no such entitlement. Although I do not find that Carfora has satisfied the test of a "constructive discharge," nothing turns on this conclusion. Regardless whether he was constructively discharged, the procedures afforded him were adequate to protect his due process rights.

CONCLUSION

Plaintiff was accorded more than ample process. Defendants have shown that there is no issue of material fact for trial. Summary judgment must be granted in favor of the defendants.

SO ORDERED.