**Anna VALMONTE, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**Mary Jo BANE, as Commissioner of the New York State Department of Social Services, and J. Daniel Bloomer, as Acting Commissioner of the Orange County Department of Social Services, Defendants.**

No. 91 CIV 2156 (KC).

United States District Court, S.D. New York.

Feb. 5, 1993.

---

Carolyn A. Kubitschek, Lansner & Kubitschek, New York City, for plaintiffs.

Judy E. Nathan, Asst. Atty. Gen., New York City, Stephen Toole, County Atty. of Orange County, Goshen, NY, for defendants.

## ORDER

CONBOY, District Judge:

Plaintiff Anna Valmonte, whose name is listed on the New York State Central Register of Child Abusers ("Central Register"), brings this action pursuant to 42 U.S.C. § 1983 challenging the constitutionality of Central Register's procedures. On March 31, 1992, this Court dismissed plaintiff's third, fifth, seventh, and eighth causes of action, and dismissed that portion of Valmonte's second, fourth, and sixth causes of action that complains that the state will inform people other than prospective child care employers that Valmonte is listed in the Central Register. *See Valmonte v. Perales*, 788 F.Supp. 745, 754–55 (S.D.N.Y. 1992). We declined to dismiss Valmonte's first cause of action which alleges that defendants labelled Valmonte a child abuser based on defendants' allegedly unpublished "secret, [and] clandestine standards" of what constitutes child abuse for Central Register purposes. *Id.* at 749–50. We also declined to dismiss that portion of Valmonte's second, fourth, and sixth causes of action that complains that the state will inform prospective child-care employers that Valmonte is the subject of an indicated report. *Id.* at 750–53. We have *sua sponte* reconsidered our previous decision, and for the reasons that follow, we dismiss these remaining causes of action.

### Discussion

In our previous decision, *Valmonte v. Perales*, 788 F.Supp. 745 (S.D.N.Y.1992), familiarity with which is assumed, we discussed in detail the statutory scheme impli-

cated in this case, and the factual circumstances of Valmonte's claim.

■ Critical to our finding that Valmonte's complaint stated a cause of action was our assumption that prospective child-care employers were entitled to republish, without restriction, the fact that Valmonte was the subject of a report in the Central Register ("indicated report"). However, Social Services Law ("SSL") § 422(12) provides that "[a]ny person who willfully permits and any person who encourages the release of any data and information contained in the central register to persons or agencies not permitted by this title shall be guilty of a class A misdemeanor." Apparently, this provision prohibits persons who have lawfully obtained information about indicated reports from releasing that information to persons or agencies that are not permitted by the SSL to obtain the information from the Central Register. *See Whelehan v. County of Monroe*, 558 F.Supp. 1093, 1109 (W.D.N.Y.1983) (discussing, *inter alia*, former SSL § 422(10) which is the predecessor to SSL § 422(12)).

Under New York law, a person who is found guilty of a class A misdemeanor may be sentenced to up to one year in prison. *See* N.Y. Penal Law § 70.15(1) (McKinney Supp.1992). We believe that the possibility of receiving a prison term as a consequence of improperly divulging central register information is a sufficient safeguard against a potential child-care employer informing the public of a person's indicated report. If the only people who will learn of a person's indicated report are potential child care employers or a limited number of others who are authorized by the SSL to receive such information, we do not feel that there will be sufficient publication that will create the type of public opprobrium that will " 'erode [Valmonte's] family's solidarity internally and impair[ ] her family's ability to function in the community.' " *Valmonte*, 788 F.Supp. at 752 (quoting *Bohn v. County of Dakota*, 772 F.2d 1433, 1436 n. 4 (8th Cir.1985), *cert. denied*, 475 U.S. 1014, 106 S.Ct. 1192, 89 L.Ed.2d 307 (1986)).[1] *See Whelehan*, 558 F.Supp. at 1109 ("communications of cases of suspected child abuse or neglect to duly authorized recipients, the confidentiality of which is protected by [the SSL] ... does not constitute sufficient publication to give rise to a section 1983 cause of action....").[2] Accordingly, we believe that the complaint must be dismissed in its entirety.[3]

■ Valmonte contends that because child-care employers, in practice, deny jobs to persons with indicated reports, Valmonte's indicated report interferes with what Valmonte apparently claims is her

---

**1.** We recognize that in *Brandt v. Board of Cooperative Educational Services*, 820 F.2d 41 (2d Cir.1987), the Second Circuit held that publication by state actors of sexual misconduct charges to a person's prospective employers can be considered "public disclosure" sufficient to implicate the person's " 'interest in his 'good name, reputation, honor, or integrity.' " *Id.* at 44 (quoting *Board of Regents v. Roth*, 408 U.S. 564, 573, 92 S.Ct. 2701, 2707, 33 L.Ed.2d 548 (1972)). We believe that the Second Circuit's holding merely establishes that a state actor's disclosure of sexual misconduct charges to a person's prospective employers satisfies the "stigma" portion of the "stigma plus" requirement. *See generally Valmonte*, 788 F.Supp. at 751 (holding that reputation alone is not a liberty or property interest that implicates the due process clause, and that some "stigma plus" is necessary to implicate due process protection). Under the reasoning of *Brandt*, we believe that Valmonte has established stigma in the instant case. However, as we have noted above, because the permissible republication of Valmonte's indicated status by prospective employers and others is extremely limited, we do not believe that this republication is substantial enough to implicate Valmonte's right to raise her family free of state interference.

**2.** SSL § 422(4)(A) limits the availability of indicated reports to specified persons.

**3.** In our March 31, 1992 order we declined to dismiss Valmonte's first cause of action which alleged that defendants labelled Valmonte a child abuser based on defendants' allegedly unpublished "secret, [and] clandestine standards" of what constitutes child abuse for Central Register purposes. *Valmonte*, 788 F.Supp. at 749–50. Because the March 31 order concluded that there is no liberty interest implicated in the mere maintenance of an indicated report, *id.* at 754, the above described claim can only be maintained in the context of the dissemination of the existence of an indicated report. Because we have determined above that no liberty interest is implicated in the case before us, Valmonte's first cause of action must be dismissed.

liberty or property interest in obtaining future employment.[4] We believe that in the circumstances of this case, where "the alleged defamation of [Valmonte] did not occur in the course of dismissal from a government job, [or in the course of denial of a government job], [or] ... in the course of termination by New York of any other legal right or status enjoyed by [Valmonte]," *Neu v. Corcoran*, 869 F.2d 662, 669 (2d Cir.1989), *cert. denied*, 493 U.S. 816, 110 S.Ct. 66, 107 L.Ed.2d 33 (1989), that Valmonte has not established a liberty interest with which the publication of her indicated status to prospective child-care employers or others interferes. *See Brucciani v. New York Telephone*, 1992 WL 162823, *7–*8 (S.D.N.Y.1992) (plaintiff who alleged that he had lost his job with New York Telephone because of defamation by state officials, had not established a liberty or property interest with which the defamation interfered); *see generally Neu*, 869 F.2d at 665–69 (implying, without deciding, that defamation by state actors which is not made in the course of a denial of a government job, is not made in the course of dismissal from a government job, is not made in the course of termination by the state actor of any other legal right or status enjoyed by the plaintiff, and which impedes a nonpublic employee's ability to practice his chosen profession, is not interference with any of the nonpublic employee's liberty interests). Accordingly, we dismiss those counts of Valmonte's complaint that survived this court's order of March 31, 1992.

### Conclusion

Those counts of Valmonte's complaint that survived this Court's order of March 31, 1992 are hereby dismissed. Valmonte's motion for class certification is dismissed as moot. The Clerk of the Court is hereby

directed to enter judgment in favor of the defendants.

SO ORDERED.

---

4. Even assuming that Valmonte has not yet been denied a job by an employer because of her indicated report, her claim is still ripe for review. *See Brandt*, 820 F.2d at 45 ("[the plaintiff] need not wait until he actually loses some job opportunities because the presence of the charges in his personnel file coupled with a likelihood of harmful disclosure already place him 'between the devil and the deep blue sea.'" (quoting *Velger v. Cawley*, 525 F.2d 334, 336 (2d Cir.1975), *rev'd on other grounds sub nom. Codd v. Velger*, 429 U.S. 624, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977))).