**Edna GORDON, Plaintiff,**

v.

**Irving ANKER, Individually and as Chancellor of the Board of Education of the City of New York, Frank Arricale, II, Individually and as Director of Personnel of the Board of Education of the City of New York, Luther Seabrook, Individually and as Former Superintendent of Community School Board District No. 5, Manhattan, Daisy Shaw, Individually and as Director of Guidance Counseling Services, Board of Education of the City of New York, Barbara Lewis, Individually and as Acting Coordinator of Pupil Personnel Services, District No. 5, Bert Brown, Individually and as Principal of I.S. 201, Manhattan, Ashton Higgins, Individually and as Superintendent of Community School Board, District No. 5, Anne Mercereaux, Individually and as Acting Superintendent of Community School Board, District No. 5, George Manley, Individually and as Former Principal of Junior High School No. 43, Manhattan, and Maude Katz and "Jane" Barrow, Members of Community School Board, District No. 5, Manhattan, Defendants.**

No. 77 Civ. 695.

United States District Court,
S. D. New York.

Nov. 4, 1977.

Joan Goldberg, New York City, for plaintiff.

W. Bernard Richland, Corp. Council, New York City, for New York City Officials, by Beryl M. Kuder, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff Edna Gordon, a licensed guidance counselor with the New York City school system, has sued various school officials alleging violations of her rights under 42 U.S.C. §§ 1981, 1983, 1985 and 1986, as well as the First, Fifth and Fourteenth amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343. Plaintiff charges that Chancellor of the Board of Education, Irving Anker, and other school officials, in their official and individual capacities, violated her rights to due process and equal protection by refusing to grant her reassignment requests and denying her, without a hearing, the opportunity to work "within her license."

In 1953, plaintiff was appointed by the Board of Education to teach math and health education. She became a licensed junior high school guidance counselor in 1961 and received her secondary school guidance license in 1973. Between 1953 and 1971 she was assigned to Junior High

School No. 43 ("JHS 43") but was laid off in September 1971. After filing a grievance she was returned to her original school district in January 1972, but was not immediately reassigned to a position although she continued to receive full pay. From that time until the present, plaintiff has received only temporary assignments, often to positions that are not within her license. She has, at various times, sought transfers to other school districts, in order to secure a position within her license, but only rarely has she met with success.

Plaintiff charges that the school board's refusal to honor her transfer requests and the assignments to positions outside her license occurred solely because she is white, in violation of her civil rights. Plaintiff does not assert that at anytime her employment was terminated and, in fact, she has been employed in some capacity within the school system continuously since 1953.

Certain of the defendants[1] have moved to dismiss the complaint, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. They assert that plaintiff has failed to show a deprivation of any cognizable right, and that certain of her claims are barred by the applicable statute of limitations.[2] They also claim that this Court lacks jurisdiction to assess damages against them in their official capacities and that insufficient claims are made against them in their individual capacities.

■ At the outset I find that this Court has subject matter jurisdiction over the claims against defendants in their official capacity. Although it is settled that no cause of action for damages exists under 42 U.S.C. § 1983 against school board members in their official capacity, *Monell v. Department of Social Services*, 532 F.2d 259 (2d

Cir.1976), *cert. granted*, 429 U.S. 1071, 97 S.Ct. 807, 50 L.Ed.2d 789 (1977), the Second Circuit has recently held that such a cause of action may lie against school officials under the Fourteenth Amendment. *Gentile v. Wallin*, 562 F.2d 193 (2d Cir. 1977). *See also, Stewart v. Wappingers Central School District*, 76 Civ. 3617 (S.D.N.Y. May 30, 1977). Since plaintiff has asserted a claim under the Fourteenth Amendment with an amount in controversy alleged to be over $10,000,[3] I have jurisdiction to consider it.

■ I now must decide, however, whether plaintiff has stated a claim upon which relief can be granted. I find she has not. Plaintiff has failed to allege in any but the most conclusory terms a claim amounting to racial discrimination. In fact, it is not until paragraph 52 of her 54 paragraph complaint, that she arrives at the conclusion that her rights were violated "solely because she is white." Mere conclusory allegations, however, are insufficient when predicating a claim upon civil rights laws. *Koch v. Yunich*, 533 F.2d 80 (2d Cir.1976). For failure to set forth specific facts indicating a denial of civil rights, plaintiff's claim under Section 1981 is dismissed. Similarly, her claims based on Sections 1985 and 1986 must also fail, not only because of her failure to adequately allege any legally cognizable discrimination, but also because of her complete failure to charge a conspiracy designed to deprive her of equal protection. *See Griffin v. Breckinridge*, 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

■ Nor has plaintiff stated a claim under either 42 U.S.C. § 1983 or the Fourteenth Amendment for violations of her rights under the due process clause. Plaintiff apparently believes that the opportunity to perform duties within her teaching

---

1. Plaintiff failed to serve defendants Manley, Brown, Lewis and Seabrook with a Summons and Complaint. Hence they are not parties to this motion. Similarly, defendants Katz and Barrow, whom counsel for the moving defendants does not purport to represent, are not affected by this opinion.

2. Since I find that plaintiff's complaint fails to state a cause of action, it is unnecessary for me to determine whether certain of her claims are time-barred.

3. Plaintiff seeks damages totalling $1,100,000.

license rises to the level of a property interest[4] protected by due process and that before she is denied this opportunity she must be afforded a hearing. I disagree. As the United States Supreme Court noted in *Board of Regents v. Roth*, 408 U.S. 564, 570, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972) "the range of interests protected by due process is not infinite." In the instant case, I find that plaintiff has simply failed to allege the deprivation of any rights entitled to due process protection.

Plaintiff has cited no authority in support of the proposition that a temporary transfer to a position outside of her license without a hearing constitutes a violation of due process. Rather, she relies upon cases involving persons whose employment was terminated. *See Perry v. Sinderman*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Moreover, to have a constitutionally protected property interest in a benefit one must possess a "legitimate claim of entitlement to it." *Board of Regents v. Roth*, supra at 577, 92 S.Ct. at 2709. Such an interest has its origins in state law or some other independent source. *Id.* In this regard I note that plaintiff's complaint is completely devoid of allegations that her interest amounts to an entitlement arising under New York State law.[5] Nor have I found any cases which suggest that a temporary transfer out of license would violate

any property rights plaintiff might have acquired in her years of teaching. The fact that she is not now teaching within her license does not amount to an assertion that she has been unilaterally and irrevocably denied the opportunity to work in her chosen speciality. Indeed, it appears that unlike many less fortunate New York City educators, plaintiff has at all relevant times been employed in some capacity with the school system. That she is not now working as a guidance counselor is unfortunate, but does not amount to a federal claim. In fact, it may well be that "absent termination of . . . employment, an 'interest' in employment does not rise to the level of a property or liberty right constitutionally protected by procedural due process." *Teachers United for Fair Treatment v. Anker*, 76 Civ. 283 (E.D.N.Y. Mar. 8, 1977). *See also, Sullivan v. Brown*, 544 F.2d 279 (6th Cir. 1976).

Even if termination is not the key to establishing the requisite "interest" in employment, however, plaintiff would not succeed on this set of facts. She does not assert that she is entitled to any of her transfer requests, although as part of her desired relief she seeks an order directing her transfer to the High School of Arts and Science.[6] What she does appear to claim is an entitlement to a position as a guidance counselor should one be available.[7] The question of availability, of course, is one better left to the expertise of the particular administrative body involved with teacher

---

4. Plaintiff also claims she has been harassed and deprived of her professional reputation since 1971. It may be that in setting forth such a claim she is seeking to assert deprivation of a "liberty" interest. However, since she does not allege that the School Board members made any false charges against her nor that they disseminated any information about her to the public, plaintiff has failed to state a cause of action amounting to a deprivation of liberty. *See Gentile v. Wallen, supra*, at 562 F.2d 193.

5. Despite her conclusory assertion in her memorandum of law that she has alleged facts amounting to a violation of New York State law, (Plaintiff's memorandum of law at 7), it appears that the gravamen of her claim is the violation of the Collective Bargaining Agree-

ment between the Board of Education and the Guidance Counselors Chapter of the United Federation of Teachers. (Complaint at ¶ 38).

6. In this regard it should be noted that plaintiff's memorandum of law is both self-contradictory and contradictory of her complaint. While on page 8 of her memorandum she asserts that JHS 43 is her "proper position" (how she reaches this conclusion is unexplained), on page 9 she states she is not bringing this suit to obtain a transfer or to claim entitlement to each particular transfer sought.

7. In support of this proposition, plaintiff directs me to Section 2509 of the New York Education Law (McKinney 1970). A perusal of that section reveals no such right.

placement.[8] Moreover, the mere fact that plaintiff may be disappointed with the decision of that body does not necessarily entitle her to seek relief in federal court. The due process clause is simply not a panacea for every ill-considered personnel decision. *Bishop v. Wood*, 426 U.S. 341, 350, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). Were the rule not so, the court would be flooded with unemployed or unhappily employed persons asserting a "right" to every desirable position that happened to become available. If plaintiff believes she has been improperly treated, her first avenue of redress should be with the appropriate grievance committee. Indeed, since she has successfully taken this tack to grieve other alleged violations of the school board, it would seem that, if her cause is meritorious, she might be equally successful at that level now. Or, if she is less successful, perhaps she will find herself with a state law claim. See *Id.* at 349, n. 13, 96 S.Ct. 2074. Whatever course she chooses to follow, however, it is clear that plaintiff's complaint fails to state a constitutional claim, and thus she may not proceed in federal court.

One final charge remains for disposition.[9] Plaintiff alleges in her complaint that her rights under the equal protection clause have been violated. It is only in her memorandum of law, however, that she in any way elucidates this charge by asserting that she has been treated differently than other guidance counselors. She offers no support for this proposition other than to allege that certain less qualified guidance counselors have been placed in more desirable positions before her. Clearly such a charge does not state an equal protection claim since there is nothing in her complaint to suggest a discriminatory scheme behind the hiring of guidance counselors. As I noted above, conclusory allegations are an insufficient predicate for a civil rights claim. *Koch v. Yunich, supra.* Plaintiff's unsupported assertion that she was treated differently from others similarly situated simply fails to adequately charge a violation of her constitutional rights.

Accordingly, for failure to state a claim upon which relief can be granted, plaintiff's complaint is dismissed.

SO ORDERED.

---

**8.** It appears that in New York City appointments are made from among the first three persons on an appropriate eligibility list compiled by the Board of Education. New York Education Law § 2573 (McKinney Supp.1976). Plaintiff has not indicated whether she is appropriately placed on such list or whether the appointment practice differs for persons in her position.

**9.** Plaintiff's First Amendment claim can be summarily treated. Although her complaint charges that First Amendment rights are involved in her grievance, nowhere does the complaint set forth any violation of such rights. Accordingly, her First Amendment claim is dismissed.