Cynthia **MAZUREK**

v.

**WOLCOTT BOARD OF EDUCATION, et al.**

**Civ. No. 3–91–459 (WWE).**

United States District Court, D. Connecticut.

Jan. 12, 1993.

Kathleen Eldergill, Beck & Eldergill, Manchester, CT, Elizabeth A. Foley, Robert J. Murphy, Thomas N. Sullivan, Sullivan, Lettick & Schoen, Hartford, CT, for plaintiff.

Deborah Nathan, Mark J. Sommaruga, Sullivan, Lettick & Schoen, Martha M. Watts, Atty. Gen.'s Office, Hartford, CT, for defendants.

**74**

RULING ON MOTION TO DISMISS

EGINTON, Senior District Judge.

This action is brought pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. Defendants have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that plaintiff has failed to state a claim upon which relief can be granted. For the reasons set forth below, the motions to dismiss will be granted in part and denied in part.

*Facts*

Plaintiff Cynthia Mazurek, a certified teacher and parent, has been on the substitute teacher roster for the town of Wolcott since 1983. In March 1986, Mazurek informed the superintendent of schools, defendant Thomas Jokubaitis, that she would like to be employed as a full-time teacher. Jokubaitis informed Mazurek that, generally, the only way to obtain a full-time position was to serve as a substitute teacher and to receive favorable recommendations from Wolcott school principals.

Despite Mazurek's interest in a full-time position, she was not regularly called in a substitute teacher role. In March and June 1987, Mazurek complained to Jokubaitis and to Mary Lou Eagan, the person in charge of calling substitute teachers, about not being called. Eagan was offended by Mazurek's complaint and sent a letter to Jokubaitis complaining about Mazurek. Mazurek's disagreement with Eagan was eventually resolved, and Jokubaitis assured Mazurek that she would be called more frequently as a substitute.

Subsequently, Mazurek was called to teach 40 times between September 1988 and June 1989; 22 times between September 1989 and June 1990; and zero times between September 1990 and January 1991. Since June 1987, the town of Wolcott has filled seven full-time teaching positions with at least two people who allegedly are less qualified than plaintiff and three who were never substitute teachers. In July 1987, September 1988, and August 1989, Mazurek complained to Jokubaitis about the board's hiring practices. In December 1989, Mazurek brought her com-

plaints before the board of education. When the board rejected her demands, she brought the instant action against the school board, Jokubaitis in his individual and official capacities, and Eagan in her individual and official capacities. Plaintiff alleges that defendants, by failing to call her regularly, denied her due process and equal protection of the law as guaranteed by the Fourteenth Amendment and violated 42 U.S.C. § 1983. She also claims that defendants' actions (or lack thereof) were in retaliation for her complaints, in violation of her First Amendment right to free speech. Plaintiff seeks money damages pursuant to 42 U.S.C. § 1983, a declaratory judgment that defendants' conduct violated her constitutional rights, and an injunction ordering defendants to hire her as a substitute teacher on a regular basis.

*Discussion*

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

*Substantive Due Process Claim*

 In order to prove the existence of a property interest in public employment, a party must prove that she had a reasonable expectation of such employment based on a state statute or a contractual relationship. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). Only when a plaintiff proves she had a property interest can she prove a denial of due process with respect to that interest. *United States v. Vetti,* 681 F.Supp. 986, 990 (D.Conn.

1988). In addition, the "legal expectancy of future employment is based on contractual or statutory entitlement, not on a teacher's mere expectation of the future staffing plans of the Board of Education." *Shanbrom v. Orange Bd. of Ed.,* No. 30–18–81, 1990 WL 283250, *2, 1991 Conn.Super. LEXIS 1614, at *14 (citation omitted).

■ Generally, only tenured teachers have a property interest in their job. *Id.,* 1990 WL 283250, at *2, 1991 Conn.Super. LEXIS 1614, at *17. Conn.Gen.Stat. § 10–151 provides that a teacher acquires tenure by completing 30 months of full-time continuous employment for the same board of education. There is no statute regarding the tenure of substitute teachers or delineating procedural protections conferred upon substitute teachers. However, Sections 10–145d–126 and 127 of the Regulations of Connecticut State Agencies apply to substitute teachers. Section 10–145d–126 provides, in pertinent part, that whenever a board of education employs a person as a substitute for a certified teacher, such person must hold a bachelor's degree or a degree from an accredited normal school if she does not hold a teaching certificate. Special authorization is required when the proposed substitute has none of the above-mentioned qualifications. When there is a shortage of certified teachers, Section 10–145b–127 permits the school board to issue a permit for one school year allowing a non-certified person to serve in a specific teaching position.

While these regulations show a preference for certified teachers, they do not guaranty employment as a full-time teacher or as a substitute teacher to certified applicants. In *Lombard v. Board of Ed. of New York City,* 645 F.Supp. 1574, 1577 (E.D.N.Y.1986), the court stated that the mere fact that plaintiff possessed a teaching license did not give him a legitimate claim of entitlement to employment. Similarly, the fact that Mazurek has a teaching certificate is insufficient to constitute a legal entitlement to employment, particularly when no Connecticut statute guarantees employment to a potential substitute teacher. "The due process clause is simply not a panacea for every ill-considered personnel decision." *Gordon v. Anker,* 444 F.Supp.

49, 51–53 (S.D.N.Y.1977). Mazurek, therefore, has failed to show that she has a reasonable expectation of employment based on a Connecticut statute.

Further, plaintiff has not alleged that she had a contract with the school board that guaranteed her employment as a substitute teacher for a specified amount of days. Indeed, such a contract could not exist because of the unpredictable availability of substitute teaching positions. Jokubaitis' assurances that plaintiff would be called to substitute are insufficient to constitute a contract. Thus, plaintiff has failed to state a claim for unlawful deprivation of a property interest. The motions to dismiss will be granted as to plaintiff's substantive due process claim.

### First Amendment Claim

■ Even though plaintiff may not bring a claim for unlawful deprivation of a property interest, she need not assert such an interest to state a claim under the First Amendment. *Mount Healthy School Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 283–84, 97 S.Ct. 568, 574–75, 50 L.Ed.2d 471 (1977). The government "may not deny a benefit to a person on a basis that infringes [her] constitutionally protected interests—especially, [her] interest in freedom of speech.... We have applied this general principle ... regardless of the public employee's contractual or other claim to a job." *Perry v. Sinderman,* 408 U.S. 593, 597, 92 S.Ct. 2694, 2697, 33 L.Ed.2d 570 (1972).

■ When evaluating a public employee's claim of retaliation for exercising her right to free speech, the court must first determine whether the plaintiff has proved that she was engaged in a protected activity. Next, the court must determine whether plaintiff has shown that the protected activity "was a substantial or motivating factor behind the adverse employment decision." *Lees v. West Greene School Dist.,* 632 F.Supp. 1327, 1330 (W.D.Pa.1986). If plaintiff has succeeded in proving these two allegations, defendant must show by a preponderance of the evidence that it would have made that same employment decision even if plaintiff had not engaged in the protected activity. *Id.;*

*Mount Healthy,* 429 U.S. at 287, 97 S.Ct. at 576.

■ In considering whether a public employee's speech should be afforded First Amendment protection, the court first must determine whether the speech touches upon matters of legitimate public concern. If it relates to matters of public concern, then the court applies a balancing test to see if the interests of the employee as a citizen in commenting upon the subject at issue outweigh the interests of the government employer in promoting an efficient work environment. *Pickering v. Board of Education,* 391 U.S. 563, 568, 88 S.Ct. 1731, 1734, 20 L.Ed.2d 811 (1968).

■ The following factors are relevant in balancing the interests of the employee and employer: 1) whether the employee's statements were directed against a person with whom she "would normally be in contact in the course of [her] daily work," 2) whether the statements had an adverse impact on the ability of an immediate supervisor to maintain discipline between the employee and her co-workers, 3) whether the employee's loyalty and confidence are necessary to a successful work relationship, and 4) whether the statements interfered with the employee's job performance or with the overall operation of the school. *See Pickering,* 391 U.S. at 568–73, 88 S.Ct. at 1734–37; *Connick v. Myers,* 461 U.S. 138, 166–67, 103 S.Ct. 1684, 1700–01, 75 L.Ed.2d 708 (1983). It is at the balancing stage where the employee's personal stake or motive becomes relevant. *Johnson v. Lincoln Univ.,* 776 F.2d 443, 450 (3d Cir.1985).

■ Undoubtedly, speech regarding the quality of teachers in the public schools touches upon matters of public concern. The primary issue, therefore, is whether Mazurek's interest as a citizen in the quality of public schools outweighs the interest of Wolcott in promoting an efficient work environment. It is difficult to apply the four factors stated above, since Mazurek was not employed when she voiced a complaint. However, because there is no indication that Mazurek's complaints posed a threat to the efficient running of the schools, the court finds that Mazurek was engaged in protected speech.

This finding is consistent with the holding in a similar case, *Lees v. West Greene School Dist.,* 632 F.Supp. 1327, 1332 (W.D.Pa.1986). In *Lees,* the court found that a parent/substitute teacher with a personal stake in a hiring decision who complained about such hiring decision was engaged in protected speech. Because the quality of education in public schools is a matter of substantial public concern, the court found that the balancing factors weighed in favor of granting plaintiff's speech First Amendment protection.

Because Mazurek has satisfied the first hurdle by showing that her speech was protected by the First Amendment, plaintiff now must show that her speech was a substantial factor in defendants' alleged decision not to call her regularly to substitute teach. *Mount Healthy v. Doyle,* 429 U.S. at 287, 97 S.Ct. at 576. Mazurek's complaint contains few facts to show that defendants failed to call her on a regular basis because of her complaints before the school board. In fact, she was called to teach on at least 22 occasions subsequent to the board meeting. This number of calls, however, is significantly less than the 40 calls she received prior to complaining to the board. Since defendants have offered no evidence to suggest that they would have called plaintiff only 22 times even if she hadn't complained, and since the court accepts plaintiff's allegations as true for purposes of this motion, the motions to dismiss will be denied as to plaintiff's First Amendment claim.

### Equal Protection Claim

■ "The essence of equal protection is that persons similarly situated with respect to challenged government action shall be treated similarly." *Lombard,* 645 F.Supp. at 1581 (citations omitted). The Fourteenth Amendment, however, does not provide that all people must be treated identically. When determining whether a particular government action violates the Equal Protection Clause of the Fourteenth Amendment, a court generally considers whether the classification at issue bears some rational relationship to a legitimate public purpose. Only

when the challenged classification infringes upon a "fundamental right" or is directed at a "suspect class" does the court apply a stricter level of review. *Plyler v. Doe,* 457 U.S. 202, 216–218, 102 S.Ct. 2382, 2394–2395, 72 L.Ed.2d 786 (1982). Because Mazurek is not a member of a suspect class and there is no fundamental right at issue, her equal protection claim must be reviewed under the rational relationship test.

 It is well established that mere conclusory allegations are insufficient to establish a cause of action for a violation of civil rights. *Koch v. Yunich,* 533 F.2d 80, 85 (2d Cir.1976); *Gordon,* 444 F.Supp. at 51. In this case, Mazurek claims that defendants intentionally or arbitrarily and capriciously treated her differently from other certified substitute teacher candidates, and thereby denied her an equal opportunity to serve as a substitute teacher. The complaint, however, contains no facts to support this blanket allegation. Further, the hiring lists provided in plaintiff's memorandum in opposition to the motions to dismiss do not support plaintiff's equal protection claim. Rather, they indicate that in the year following Mazurek's complaint to the school board, approximately ten certified teachers were hired as substitute teachers less frequently than plaintiff, while only six were hired more frequently. Thus, because plaintiff provides no specific facts indicating discriminatory treatment, the motions to dismiss will be granted with respect to plaintiff's equal protection claim.

### Section 1983 Claim

 It is well established in the Second Circuit that there is no cause of action for damages under Section 1983 against a school board or its members in their official capacities. *Gentile v. Wallen,* 562 F.2d 193, 195 (2d Cir.1977). Thus, Mazurek's claim for damages against the school board and against Jokubaitis and Eagan in their official capacities will be dismissed.

 Likewise, plaintiff's claim for money damages against Jokubaitis and Eagan in their individual capacities will be dismissed. Public school officials performing discretionary functions generally are protected by a qualified good faith immunity from liability

for damages under 42 U.S.C. § 1983. This protection does not extend to officials who knew or reasonably should have known that their official actions would violate a constitutional right. *Wood v. Strickland,* 420 U.S. 308, 318, 95 S.Ct. 992, 999, 43 L.Ed.2d 214 (1975); *Harlow v. Fitzgerald,* 457 U.S. 800, 818–19, 102 S.Ct. 2727, 2738–39, 73 L.Ed.2d 396 (1982). Under *Harlow,* the court focuses on the "objective reasonableness of [the] official's conduct, as measured by reference to clearly established law." *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738.

 As discussed above, plaintiff has no substantive due process or equal protection claim. There is no way either Jokubaitis or Eagan would have thought their actions would violate a property right or equal protection right of Mazurek. It is equally unlikely that Jokubaitis or Eagan would have thought their actions might violate Mazurek's First Amendment rights, since she was called to substitute teach after complaining to the board—just not as much as she would have liked. Under an objective reasonableness standard, neither Jokubaitis nor Eagan would know or suspect that their actions might violate plaintiff's constitutional rights or subject them to a federal suit. Therefore, both are protected from civil liability by a qualified immunity. Accordingly, the motions to dismiss will be granted with respect to plaintiff's claims for damages pursuant to 42 U.S.C. § 1983.

 To the extent Mazurek seeks equitable relief under 42 U.S.C. § 1983, she must plead and prove the following three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subject to (3) a denial of a constitutional right." *Batista v. Rodriguez,* 702 F.2d 393, 397 (2d Cir. 1983). Plaintiff has failed to plead an official policy or custom with respect to the hiring of substitute teachers. However, when all favorable inferences are drawn in favor of plaintiff, the complaint sufficiently alleges what could be considered a "policy" with respect to plaintiff as an individual. Because plaintiff has pled a violation of her First Amendment rights, the motions to dismiss

78

will be denied as to plaintiff's claims for equitable relief pursuant to section 1983.

### Conclusion

For the reasons set forth above, the motions to dismiss [16–1 and 18–1] are GRANTED as to plaintiff's substantive due process and equal protection claims and her claim for damages under 42 U.S.C. § 1983. The motions to dismiss are DENIED as to plaintiff's First Amendment claim and as to her claims for equitable relief under 42 U.S.C. § 1983.