**Susan WILLIAMS, Plaintiff,**

v.

**TOWN OF SOUTHINGTON, Defendant.**

**No. 3:98CV1638 WWE.**

United States District Court,
D. Connecticut.

April 13, 1999.

John R. Williams, Williams, Polan & Pattis, New Haven, CT, for plaintiff.

Kerry R. Callahan, James Newhall Tallberg, Updike, Kelly & Spellacy, P.C., Hartford, CT, for defendant.

## RULING ON MOTION TO DISMISS AMENDED COMPLAINT

EGINTON, Senior District Judge.

Plaintiff, Susan Williams, alleges that the Town of Southington ("Town") violated her constitutional rights when it terminated her employment as a police officer. Williams seeks to recover damages against the Town pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

Williams claims that the Town violated her constitutional rights to equal protection and free speech by allegedly firing her in retaliation for her lawsuit against the Southington Police Chief.

Southington has filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) for failure to state a claim on which relief may be granted.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss, the municipal liability is established only where the misconduct by the policy making official provides a basis for an inference that an official policy exists. *Keenan v. City of Philadelphia*, 983 F.2d 459, 468 (3d Cir.1992); *See also, Weber v. Dell*, 804 F.2d 796 (2d Cir.1986), *cert. denied*, 483 U.S. 1020, 107 S.Ct. 3263, 97 L.Ed.2d 762 (1987)(sheriff established county policy by ordering strip searches).

In this instance, Williams, allegations that the Board defended its Chief of Police in Williams, prior lawsuit and that the Board subsequently decided to terminate her do not raise an inference that an official policy existed to retaliate against employees for filing such lawsuits. Conclusory allegations are insufficient to state a cause of action for a violation of civil rights. *Mazurek v. Wolcott Board of Educ.,* 815 F.Supp. 71, 77 (D.Conn.1993).

*CONCLUSION*

The defendant's Motion to Dismiss [Doc. # 18] is GRANTED WITH PREJUDICE.

SO ORDERED.